**Troy Lynn JORDAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–91–00998–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 8, 1993.

Rehearing Overruled May 13, 1993.

Tony Aninao, Houston, for appellant.

Allan Curry, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

A jury found appellant guilty of delivery of crack cocaine and assessed punishment at seventy-five years and a $10,000.00 fine. In four points of error, appellant contends reversible error occurred in that: 1) the trial court erroneously refused to grant an evidentiary hearing on the motion for new trial, based on ineffective assistance of counsel; 2) the evidence is insufficient to support the verdict; 3) inadmissible hearsay testimony was admitted over objection; and 4) improper jury argument was allowed. We overrule points of error one through four and affirm the judgment of the trial court.

On May 6, 1991, Officer M.C. Neely, an undercover investigator with the Tactical Division of the Houston Police Department, arrived at the 6600 block of West Montgomery in Houston in response to citizen complaints. Neely pulled in front of a store known as "Orlando's" and expressed to an unidentified black male that he wanted to purchase $20.00 worth of crack cocaine. Officer Neely testified that the black male responded that he could not sell the officer any cocaine, but could take him to a location where crack could be acquired.

Further testimony by Neely revealed that he gave a $20.00 bill to the black male and the two men walked to a nearby location on Morrow Street where there was a group of several black males and females standing around the intersection. Neely stated that he observed the black male approach appellant, to whom he gave the $20.00 bill. Appellant then handed one rock of crack cocaine to the unidentified black male, who, in turn, gave it to Officer Neely. Officer Neely testified that he never had any direct contact with appellant. After the transaction was concluded, Neely left the scene, and signaled other nearby officers to make arrests for the drug exchange. Sergeant Zajac received Neely's signal and description of the appellant, and proceeded to the location and subsequently arrested appellant. Officer Neely positively identified appellant as the person who sold the rock to the unidentified man who delivered it to Neely.

The jury found appellant guilty of the offense of delivery of a controlled substance. Appellant pled true to one enhancement paragraph, and the jury, having been instructed to find the enhancement to be true, sentenced appellant to seventy-five years imprisonment, and a fine of $10,000.00.

Appellant filed a motion for new trial on November 15, 1991, alleging ineffective assistance of counsel, which was overruled by written order on November 20, 1991, and, in effect, denied appellant's request for an evidentiary hearing.

In point of error one, appellant contends the trial court committed reversible error in refusing to grant appellant's request for an evidentiary hearing on his timely filed and verified motion for new trial alleging ineffective assistance of counsel. Appellant alleges his motion for new trial raised matters extrinsic to the record, and thus the trial court abused its discretion in denying a hearing on the motion. *See McIntire v. State*, 698 S.W.2d 652, 658, 660 (Tex.Crim. App.1985).

It is entirely within the discretion of the trial court to grant a motion for new trial based on ineffective assistance of counsel. TEX.R.APP.P. 30(b). While trial courts may grant evidentiary hearings on motions for new trial to develop testimony, the rules of procedure do not *require* a

new trial or hearing when the basis for such is ineffective assistance of counsel. *Jiminez v. State,* 727 S.W.2d 327, 328 (Tex. App.—Houston [1st Dist.] 1987, no pet.). This is necessarily so because the proof of ineffective assistance concerns the lawyer's actions *at trial,* and generally there is no evidence outside the record that is relevant to determining counsel's competence. Extrinsic evidence may be relevant, however, in limited circumstances where the alleged ineffectiveness occurred outside of trial, as in the case of an attorney's failure to advise a defendant of the prosecutor's plea bargain offer. *See McIntire* at 658. In such a case, an evidentiary hearing would be necessary to determine if grounds for a new trial exist. Nonetheless, neither a new trial nor a hearing is mandatory, because ineffective assistance of counsel may be raised for the first time on appeal.

In the present case, appellant contends he was denied the opportunity to present evidence that his trial counsel had a history of law license probation and legal malpractice. Appellant also claims that his trial counsel failed to inform him of the potential range of punishment, and did not *strongly* advise him to take the five-year plea bargain offered by the state. Appellant asserts that he was therefore entitled to a hearing on the motion for new trial, because these matters were not evident from the statement of facts of the actual trial, and were, thus, outside the record. While the matters may not have been evident from the statement of facts, we do not find that the trial judge abused his discretion in denying a hearing on the motion for new trial.

■■■ The court of criminal appeals has recently addressed the issue of whether a hearing must be held on a motion for new trial based on ineffective assistance of counsel in *Reyes v. State,* 849 S.W.2d 812, (Tex.Crim.App.1993). In *Reyes,* the defendant alleged that his attorney failed to inform him of a plea bargain offered by the state, and offered this as a basis for his claim of ineffective assistance of counsel. However, since there was no evidence to this effect in the record, the trial court denied the motion for new trial without oral hearing. The court of criminal appeals reversed, holding that when an accused presents a motion for new trial raising matters not determinable from the record, upon which the accused could be entitled to relief, the trial judge abuses his discretion in failing to hold a hearing pursuant to Rule 31(d). *Id.,* at 816. The *Reyes* decision is distinguishable from the present case, in that appellant has failed to show how the facts, if true, affected the representation he received. Appellant was informed of the plea bargain offered from the state, and we know of no duty on counsel's part to *strongly* advise appellant to accept an offered sentence. While appellant's trial attorney may have been temporarily suspended at one time, appellant has failed to allege facts either in his brief or affidavit illustrating how his lawyer's former suspension effected his representation. The language in *Reyes* says "upon which the accused could be entitled to relief ..." We find that appellant's factual allegations of ineffective assistance would not have entitled him to relief, and therefore, the trial court did not abuse its discretion in denying an oral hearing on the motion for new trial.

We need not perform a *Strickland* analysis to determine whether appellant's counsel was, in fact, ineffective at trial, because that point has not been raised on appeal. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant only urges that the trial court abused its discretion in denying the hearing on the motion for new trial. Since the granting of a new trial or an evidentiary hearing is within the discretion of the trial court, and in light of the recent holding of *Reyes,* we cannot say the trial judge abused his discretion. Accordingly, point of error one is overruled.

■■■ In appellant's second point of error he asserts that the evidence was insufficient as a matter of law to sustain a conviction for delivery of a controlled substance by either actual or constructive transfer. The language "as a matter or law" is equivalent to a "no evidence" point. Thus, in considering this point, we, as an

appellate court, must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Saxton v. State*, 804 S.W.2d 910, 914 (Tex.Crim.App.1991).

Appellant argues that the evidence is insufficient to convict him because he did not sell the cocaine to the undercover officer. He asserts that if he was involved in a sale of cocaine, it was to the unidentified black man.

▪ Delivery of a controlled substance through constructive transfer occurs if *prior to the delivery*, the transferor had either direct or indirect control of the substance transferred, and knew of the existence of the ultimate transferee. *Daniels v. State*, 754 S.W.2d 214, 221–22 (Tex.Crim. App.1988) (emphasis added).

▪ Officer Neely testified that the unidentified black man took him to the location where appellant and some other people were found. The black man took the officer to the location for the specific purpose of obtaining drugs for the officer. Officer Neely was standing nearby when the transfer between appellant and the black man took place, and the black man delivered the drugs to Neely immediately upon receiving them from appellant. Thus, appellant certainly had direct control of the cocaine prior to its delivery to Officer Neely, and it is a reasonable inference that appellant knew the cocaine was being obtained for the officer. In light of this evidence, we find that a rational trier of fact could have found the essential elements of constructive transfer beyond a reasonable doubt. Point of error two is overruled.

Appellant argues in his third point of error that the trial court erred in admitting the hearsay statement from the police officer that an unknown black male told him that he could not sell the officer any cocaine but could take him to a location where he could purchase it. Appellant contends that the admission of this hearsay testimony violated his constitutional right to confrontation under both the federal and state constitutions.

While it is true that hearsay testimony is inadmissible absent an exception to the rules of evidence, out of court statements may be admissible if not offered for the truth of the matter asserted, but for some other purpose. Tex.R.Crim.Evid. 801(d).

▪ First we note that in response to appellant's objection to the statement at trial, the prosecutor specifically stated that the statements by the unidentified black man were not being offered for their truth but to show what the officer did in response to those statements. If the statements are not being offered for their truth, then they are not hearsay.

▪ Furthermore, the statements were not offered to show that appellant had the cocaine, but to show that the unidentified black male knew of a location where the officer could purchase some. While the statement may be hearsay with regard to proving the black male could take Officer Neely to a drug trafficking location, it did not go to whether appellant sold the drugs to the officer. The officer was present to observe the transaction once he arrived at the scene and could properly testify to the verbal and non-verbal acts which he witnessed. It was his observations which provided the basis for appellant's conviction. Therefore, any error in admitting the testimony was harmless. Accordingly, point of error three is overruled.

In his final point of error, appellant argues that the trial court committed reversible error in allowing the prosecution to engage in improper jury argument. Specifically, appellant contends that the prosecution misstated the law during closing argument, and that the misstatement prejudiced him in such a degree as to deny him a fair trial.

During closing argument, the prosecutor stated: "... that it was not the officers' fault that an unknown black male co-participant had gotten away because the officer's could not just go into somebody's house to get them ... Officer's can't just go knocking door to door on people's houses looking

for someone when somebody gets away ..."

 Proper jury argument must generally fall within one of four categories: 1) summation of the evidence; 2) reasonable deductions from the evidence; 3) response to opposing argument, or; 4) a plea for law enforcement. *Alejandro v. State,* 493 S.W.2d 230 (Tex.Crim.App.1973).

■ We do not read the prosecutor's statements as an attempt to convey to the jury search and seizure law. We view the statements merely as an explanation of why the unidentified black male was not apprehended. In light of the evidence that there were several individuals at the scene who scattered in all directions upon the arrival of the officers, these statements are clearly reasonable deductions from the evidence. Point of error four is overruled.

Accordingly, the judgment of the trial court is

AFFIRMED.