NUMBER 13-99-290-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JESUS VARGAS
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 A jury found appellant, Jesus Vargas, guilty of driving while
intoxicated and assessed punishment at four years confinement. By
seven issues, appellant complains of error in the court's instruction to
the jury, improper jury argument, insufficiency of the evidence,
ineffective assistance of counsel, the unconstitutionality of section
49.04(a) of the penal code as applied to appellant, and a judge's lack of
authority to sign the judgment. We affirm. 

 The record shows Constables Jesus Vargas, of no relation to
appellant, and Richard Nares were driving in Cameron County on the
evening of October 23, 1998. They were off-duty at the time. The
constables saw a pickup truck stopped at the intersection of Texas
Highway 100 ("Highway 100") and Farm to Market Road 803 ("FM
803"), and stopped to check on the driver. They observed appellant
behind the wheel of the truck, attempting, without success, to start it. 
Constable Vargas noticed damage to the front of the vehicle. Appellant
could not get out of the driver's side of the car, so he slid across to the
passenger side. He opened the door and a beer can fell out. When
appellant stepped out of the car, another beer can fell out. Appellant
admitted he had consumed two beers and that he had been at a bar. 
He said he had been involved in an accident near the bar. Constables
Vargas and Nares noticed appellant was staggering and had a strong
odor of alcohol on his breath. Constable Nares observed appellant had
slightly slurred speech. 

 Trooper Jorge Martinez of the Texas Department of Public Safety
arrived at the scene after the two constables. Martinez testified the
constables told him that an Officer Dorn was the first on the scene, but
Martinez was never able to contact the officer. Martinez found the
vehicle stalled and damaged on the front left side. Martinez spoke with
the constables and then to appellant, who had a strong odor of alcohol
on his breath, glassy and bloodshot eyes, slurred speech, and was
staggering. Appellant told Martinez that he was involved in an accident
on Highway 100 and FM 803. Martinez asked appellant why he told
the constables the accident occurred near the bar, and appellant
became upset. Martinez had appellant perform several field sobriety
tests, which appellant performed unsatisfactorily. Martinez also asked
appellant to take a breath test, and appellant said he would take the
test, but then became upset and refused to take the test. Thereafter,
Martinez arrested appellant and placed him in his car. 

 Five beer cans were found during an inventory of appellant's car. 
An audio tape in Martinez's car recorded appellant cussing and talking
to himself in both a strong voice and a whisper. At the police station,
appellant stated in Spanish that his cousin ("El Primo") from Mexico
was driving the vehicle, but got scared and fled the scene. The second
vehicle involved in the collision was never found. None of the officers
witnessed appellant driving the vehicle. 

 During the guilt-innocence phase of the trial, appellant's son,
Enrique Vargas, testified that appellant drove him in the truck and
dropped him off around 5:00 or 6:00 p.m. No one else was with them
in the truck. Appellant's son had never heard of anybody referred to as
"El Primo" and did not know of a relative named "El Primo." After the
jury found appellant guilty and assessed punishment, appellant filed a
motion for new trial, which the trial court denied after a hearing. 

 In his fourth and fifth issues, appellant challenges the legal and
factual sufficiency of the evidence that he was operating the vehicle. 

 An appellate court conducts a legal sufficiency review by looking
at all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, No. 1915-98,
2000 Tex. Crim. App. LEXIS 12, at *14-15 (Tex. Crim. App. Feb. 9,
2000); Patrick v. State, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995);
Turro v. State, 867 S.W.2d 43, 46-47 (Tex. Crim. App. 1993). This
standard applies to both direct and circumstantial cases. Earhart v.
State, 823 S.W.2d 607, 616 (Tex. Crim. App. 1991); Rosillo v. State,
953 S.W.2d 808, 814 (Tex. App.­Corpus Christi 1997, pet. ref'd). 
Sufficiency of the evidence is measured against the hypothetically
correct jury charge, which accurately sets out the law, is authorized by
the indictment, and does not unnecessarily increase the State's burden
of proof. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997);
Cano v. State, 3 S.W.3d 99, 105 (Tex. App.­Corpus Christi 1999, pet.
ref'd). As the sole judge of credibility of witnesses and the weight to be
given their testimony, the jury is free to accept or reject all or any part
of the testimony of any witness. Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1981); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986).

 In reviewing the factual sufficiency of the evidence, by contrast,
we are not bound to view the evidence in the light most favorable to the
prosecution, and may consider the testimony of defense witnesses and
the existence of alternative hypotheses. Johnson, 2000 Tex. Crim. App.
LEXIS 12, at *15; Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App.
1996). We consider all of the evidence in the record related to the
sufficiency challenge, comparing the weight of the evidence that tends
to prove guilt with the evidence that tends to disprove it. Santellan v.
State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We may not
reweigh the evidence and set aside a jury verdict merely because we
would have reached a different result. Cain v. State, 958 S.W.2d 44,
407 (Tex. Crim. App. 1997); Clewis, 922 S.W.2d at 135. We will
reverse and remand for a new trial only if the verdict is so against the
great weight of the evidence so as to be clearly wrong and manifestly
unjust. Clewis, 922 S.W.2d at 133-34.

 Appellant was charged with driving while intoxicated as a felony. 
Section 49.04 of the Texas Penal Code provides that a person commits
the offense of driving while intoxicated if the person is intoxicated while
operating a motor vehicle in a public place. Tex. Pen. Code Ann. §
49.04(a) (Vernon Supp. 2000). In addition, for this offense to be a
felony, the State must show the defendant has two prior convictions
relating to the operation of, inter alia, a motor vehicle while intoxicated. 
Tex. Pen. Code Ann. § 49.09(b) (Vernon Supp. 2000). Appellant
challenges the sufficiency of the evidence to prove that he was
operating a motor vehicle. Under Texas law, a person cannot be
convicted of DWI unless he is actually driving or operating the motor
vehicle. Haskins v. State, 960 S.W.2d 207, 209 (Tex. App.--Corpus
Christi 1997, no pet.). 

 The State was required to establish that appellant was driving or
operating the vehicle through direct or circumstantial evidence. As
appellant notes, no witness testified they saw appellant driving the
truck; the evidence showing appellant operated a motor vehicle was
circumstantial. The State adduced evidence that appellant was the
owner of the truck; the truck was registered in his name; he was seen
driving the car by his son several hours before the accident; he told
officers he was in an accident and that someone hit him; the truck was
found a short distance from where the accident occurred; and
Constable Vargas observed appellant in the driver's seat of the truck
with one hand on the steering wheel and the other on the ignition key,
attempting to start it. Constable Vargas testified as follows:

 Counsel: Okay. What did he say?


 Constable Vargas: Okay. Later on,
after he had exited the vehicle, he did
advise that ­ I asked him what had
happened because I did notice some
damage to the front of his vehicle. I
asked him if he had hit something or
someone. He advised me he was
coming from El Centavo bar and that
he had had an accident in front of the
bar.


 Counsel: Okay. And that he himself
was in fact the one who was in the
accident driving, correct?


 Constable Vargas: Yes, sir.

(Emphasis added). There was also testimony from Trooper Martinez
that the constables told him that appellant stated, "Yeah, I was the
driver. I was the only one in the pickup truck. There was nobody else
with me." 

 Although appellant did not object to any of this testimony at trial,
he now complains it should not be considered in our review of the
sufficiency of the evidence because it was given in response to leading
questions and was hearsay. However, an appellate court must look at
all the evidence, whether properly or improperly admitted, when
evaluating the sufficiency of the evidence. See Bobo v. State, 843
S.W.2d 572, 575-76 (Tex. Crim. App. 1992). Therefore, the legal
admissibility of evidence does not affect the sufficiency of the evidence. 
See id.

 Appellant relies on Hudson v. State, 510 S.W.2d 583, 584 (Tex. 
Crim. App. 1974), in contending there is no evidence he was driving the
truck. In Hudson, the court of criminal appeals reversed and remanded
a conviction for driving while intoxicated where there was no testimony
of who was driving or that appellant drove the car. Unlike Hudson,
however, in this case there was testimony that appellant stated he was
the driver of the car, and that he was the one driving when the accident
occurred. That no witness observed appellant driving does not render
the evidence insufficient. See Perez v. State, 432 S.W.2d 954, 955
(Tex. Crim. App. 1968) (circumstantial evidence sufficient, independent
of admissions of the accused, to prove he was driving the vehicle in
question, where immediately after an accident, vehicle was found
crashed into a parked car in the front yard, with tire tracks leading from
the said vehicle back to a torn down fence and tree and onto the
roadway, and defendant was found alone in the vehicle seated behind
the steering wheel); Peddicord v. State, 942 S.W.2d 100, 106 (Tex.
App.--Amarillo 1997, no pet.) ("[a]ppellant's statement . . . that he was
the driver of the Honda, together with the circumstances that within
two minutes after the accident appellant was discovered in the driver's
seat of the damaged Honda, were sufficient for any rational trier of fact
to find beyond a reasonable doubt that appellant was the driver of the
Honda") (citing Fruechte v. State, 166 Tex. Crim. 496, 316 S.W.2d 418,
419 (1958)); Keenan v. State, 700 S.W.2d 12, 14 (Tex. App.--Amarillo
1985, no pet.) (circumstantial evidence was sufficient to prove the
appellant was actually driving at the time he was intoxicated where the
defendant was found alone in his vehicle which was parked
predominantly on the road with its lights on and where exhaust was
coming out of tailpipe). 

 Although the offense of driving while intoxicated may not be
established based solely on a defendant's extrajudicial confession, it
can aid in establishing the commission of the offense if there is
corroborating evidence. Turner v. State, 877 S.W.2d 513, 515 (Tex.
App.­Fort Worth 1994, no pet.) (citing Self v. State, 513 S.W.2d 832,
835 (Tex. Crim. App. 1974); Folk v. State, 797 S.W.2d 141, 144 (Tex.
App.­Austin 1990, pet. ref'd)). Appellant's statements that he was the
driver, together with the circumstances that he was the owner of the
truck; the truck was registered in his name; he was seen driving the car
by his son several hours before the accident; he told officers he was in
an accident and that someone hit him; the truck was found a short
distance from where the accident occurred; and Constable Vargas
observed appellant in the driver's seat of the truck at an intersection
with one hand on the steering wheel and the other on the ignition key,
attempting to start it, were sufficient for any rational trier of fact to find
beyond a reasonable doubt that appellant was the driver of the truck.

 Turning to the factual sufficiency of the evidence, appellant
contends that he could have been stationary in the car while involved
in an accident. However, there was testimony that appellant admitted
to being the driver of the vehicle in the accident. Appellant claimed at
the police station that he was not driving, and that a person named "El
Primo" was driving. This testimony was uncorroborated, and even
appellant's son denied knowing of anyone referred to as "El Primo." 
Moreover, it was controverted by appellant's own statement that he
was the driver in the accident. 

 In his brief, appellant contends the testimony of Constable Vargas
shows appellant called the police from the scene of the accident, which,
according to appellant, leads to the inference that he had not been the
driver of the truck. However, this contention is unsubstantiated by the
record. Constable Vargas testified that when he arrived on the scene,
there was another individual there. Constable Vargas asked him if he
had called the accident in, and the individual advised that he had. From
the context of this statement, it is clear Constable Vargas was not
referring to appellant. Considering all of the evidence, the jury's finding
is not so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Clewis, 922 S.W.2d at 133-34. The evidence
is legally and factually sufficient to show appellant was operating the
truck. 

 Appellant also apparently contends the evidence was legally and
factually insufficient to prove he was intoxicated. From our review of
the record, however, there is legally and factually sufficient to support
this element as well. 

 Appellant further contends that because no witnesses observed
him driving, and the State failed to call the first officer upon the scene
as a witness, the evidence is legally and factually insufficient to prove
that appellant was operating the vehicle. However, appellant provides
us with no authority, and we find none, requiring the State in a DWI
case to produce the testimony of the first officer at the scene. Tex. R.
App. P. 38.1(h) ("brief must contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the
record"). Conclusory arguments which cite no authority present nothing
for our review. Vuong v. State, 830 S.W.2d 929, 940 (Tex. Crim. App.
1992). Appellant's fourth and fifth issues are overruled. 

 By his first issue, appellant complains the judge who signed the
judgment, the Honorable Robert Barnes, was not authorized to act
because he was not a district judge in Cameron County and the record
does not reflect his appointment. Appellant directs this Court to
Williams v. State, 677 S.W.2d 587, 588 (Tex. App.­Austin 1984, no
pet.), in arguing that Judge Barnes lacked the authority to sign the
judgment. In Williams, however, the Austin Court of Appeals held that
a special judge was not authorized to hear a case where the record did
not affirmatively show his authority to do so. In this case, by contrast,
the reporter's record indicates that the Honorable Migdalia Lopez
presided over the entire trial. From the record, it appears Judge Barnes
merely signed the judgment. With the exception of establishing the
appellate timetable, the signing of a formal judgment is a ministerial act. 
Serna v. Webster, 908 S.W.2d 487, 490 (Tex. App.-San Antonio 1995,
no writ); Henry v. Cullum Co., Inc., 891 S.W.2d 789, 792 (Tex.
App.-Amarillo 1995, writ denied); Schaeffer Homes, Inc. v. Esterak, 792
S.W.2d 567, 569 (Tex. App.--El Paso 1990, no writ); see Tex. R. Civ. P.
306a(1) (date of signing judgment commences appellate timetable, but
"shall not determine what constitutes rendition of a judgment or order
for any other purpose"). Accordingly, we find no error in Judge
Barnes's signing of the judgment. Appellant's first issue is overruled. 

 In his second issue, appellant claims he received ineffective
assistance of counsel, citing various instances in which trial counsel
should have acted differently. The standard of review for ineffective
assistance of counsel was set forth in Strickland v. Washington, 466
U.S. 668, 687 (1984). Vasquez v. State, 830 S.W.2d 948, 949 (Tex.
Crim. App. 1992); Craig v. State, 825 S.W.2d 128, 129 (Tex. Crim. App.
1992). The Strickland standard is applicable at both the guilt-innocence
and punishment phases of the proceedings. Hernandez v State, 988
S.W.2d 770, 771-72 (Tex. Crim. App. 1999). A defendant seeking relief
must demonstrate that (1) counsel's performance failed to constitute
reasonably effective assistance by falling below an objective standard
of reasonableness under prevailing professional norms, and (2) that
there is a reasonable probability that, but for counsel's deficient
performance, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 694; Hernandez, 726 S.W.2d at 55; Lozada-Mendoza v. State, 951 S.W.2d 39, 42 (Tex. App.­Corpus Christi 1997,
no pet.). A "reasonable probability" is a probability sufficient to
undermine confidence in the outcome." Strickland, 466 U.S. at 694; Ex
parte Walker, 777 S.W.2d 427, 430 (Tex. Crim. App. 1989). Whether
this standard has been met is determined by "the totality of the
representation." Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim.
App. 1990).

 Our review of trial counsel's performance must be highly
deferential. Strickland, 466 U.S. at 689; Garcia v. State, 887 S.W.2d
862, 880 (Tex. Crim. App. 1994). Appellant must prove ineffective
assistance by a preponderance of the evidence. Stafford v. State, 813
S.W.2d 503, 506 n. 1 (Tex. Crim. App. 1991); Moore v. State, 694
S.W.2d 528, 531 (Tex. Crim. App. 1985). A claim of ineffective
assistance of counsel will only be sustained if it is firmly founded in the
record and the record affirmatively demonstrates counsel's alleged
ineffectiveness. Ex parte McWilliams, 634 S.W.2d 815, 819 (Tex. Crim.
App. 1980). In reviewing whether trial counsel performed deficiently,
we employ a strong presumption that counsel's conduct constitutes
sound trial strategy. Strickland, 466 U.S. at 689; Miniel v. State, 831
S.W.2d 310, 323 (Tex. Crim. App. 1992). 

 In accordance with Strickland, we presume counsel is better
positioned than the appellate court to judge the pragmatism of the
particular case, and that she made all significant decisions in the
exercise of reasonable professional judgment. Delrio v. State, 840
S.W.2d 443, 447 (Tex. Crim. App. 1992); Moffat v. State, 930 S.W.2d
823, 826-27 (Tex. App.­Corpus Christi 1996, no pet.). The record must
contain evidence of counsel's reasoning, or lack thereof, to rebut this
presumption. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994). The right to counsel under the constitution does not
contemplate errorless counsel or counsel judged ineffective by
hindsight. Ex parte Carillo, 687 S.W.2d 320, 324 (Tex. Crim. App.
1985). 

 Generally, performance of counsel cannot be adequately examined
based on a trial court record. Kemp v. State, 892 S.W.2d 112, 115 (Tex.
App.­Houston [1st Dist.] 1994, pet. ref'd). A proper review should
involve a record specifically targeting the conduct of trial counsel. Id. 
Such a record is best developed during a hearing on an application for
writ of habeas corpus or a motion for new trial. Id.; Jackson, 877
S.W.2d at 772 (Baird, J., concurring). To conclude trial counsel was
ineffective based on a record silent as to trial strategy would call for
speculation, which we are not permitted to do. Lozada-Mendoza, 951
S.W.2d at 44. Only in rare circumstances will a record on direct appeal
be sufficient to rebut the strong presumption of sound trial strategy. 
Kemp, 892 S.W.2d at 115. 

 Appellant first complains trial counsel was deficient because she
elected to have the jury assess punishment when only the judge was
authorized to grant probation. The penal code authorizes trial judges
to grant community supervision to defendants for all but certain
offenses. Tex. Code Crim. Proc. Ann. art 42.12, § 3(a), 3g (Vernon Supp.
2000). In contrast, the code permits juries to grant community
supervision when "the defendant files a written sworn motion with the
judge that the defendant has not previously been convicted of a felony.
. . ." Tex. Code Crim. Proc. Ann. art. 42.12, § 4(e) (Vernon Supp. 2000). 
Thus, when the defendant has committed a prior felony, the trial judge,
but not the jury, may place the defendant on community supervision. 


 In this case, trial counsel filed a motion requesting probation; the
motion acknowledged that appellant had been convicted of a prior
felony. Nonetheless, trial counsel elected for the jury to assess
punishment, when the jury was unable to give appellant community
supervision because of the prior felony. Id. Appellant contends that
trial counsel's election to have the jury assess punishment barred him
from receiving probation and, consequently, constituted ineffective
assistance.

 During the hearing on the motion for new trial, appellate counsel
failed to present any evidence regarding trial counsel's performance or
trial strategy.(1) Appellate counsel directs the Court to discussion at the
punishment hearing between trial counsel and the judge, in which
counsel asked that the court and the jury consider probation and the
court explained that appellant would not be eligible for probation
because of the prior felony. The record in this case is devoid of trial
counsel's reasoning for electing the jury to assess punishment. We are
unable to determine if trial counsel elected for the jury to assess
punishment because she feared the judge would give a more severe
punishment, and only filed the motion for probation for the court to
consider in the event it chose not to accept the jury's punishment. A
court may grant probation in a case even if "the jury in the case does not
recommend probation." Martin v. State, 823 S.W.2d 726, 730 (Tex.
App.­Waco 1992, pet. ref'd); see also Tex. Code Crim. Proc. Ann. art.
42.12, § 4(c) (Vernon Supp. 2000). Appellant contends that trial judges
"just do not grant probation once the jury has been elected for
punishment and decided upon penitentiary time." However, he cites no
authority in support of this assertion. 

 The record on appeal is insufficient to overcome the strong
presumption of sound trial strategy. Even if we were to find trial
counsel acted deficiently, we cannot say that but for counsel's deficient
performance, the result of the proceeding would have been different. 
Indeed, from the record before us, it appears likely that the trial court
was no more inclined to grant probation than was the jury. After entry
of judgment, the trial court had an opportunity to hear a motion to
reconsider the sentence in which appellate counsel requested that the
trial court impose probation instead of confinement. The trial court
denied the motion. 

 Appellant next asserts trial counsel was ineffective for asking an
officer during cross-examination whether appellant's vehicle was in the
road when the officer saw it. According to appellant, trial counsel
helped prove an essential element of the offense­that the vehicle was
driven in a public place. During direct examination by the State,
however, the same officer twice testified that appellant's vehicle was
on a public road. Appellate counsel has made no argument that the
admission of this testimony was objectionable. Moreover, appellant
has failed to provide a record indicating trial counsel's reasoning. It
may be that trial counsel chose to concede the public element in light
of the evidence, and focus on other elements that were in dispute. 
Indeed, during closing arguments, trial counsel focused primarily on
two issues: (1) whether the State had proved appellant was driving,
and (2) whether appellant was intoxicated. Trial counsel was not
ineffective for asking the officer whether appellant's vehicle was in the
road. Even if she were, appellant was not harmed because the officer
testified before and after this testimony during direct examination that
appellant drove on a public road. 

 Appellant also maintains trial counsel was ineffective in failing to
raise a hearsay objection to testimony from an officer regarding a police
dispatch. Appellant contends trial counsel should have objected to the
following testimony:

 Counsel: Okay. When you were driving down
100, did you first hear the dispatch
about an accident, or was it after you
got to the scene that you heard about
an accident? 


 Officer: No. Like I said, as we were passing it,
I noticed it, and right around the same
time we heard the county dispatcher
say that there was an accident, so we
turned around at that time. 

 

According to appellant, this testimony was inadmissible hearsay
because it was admitted to prove the truth of the matter asserted­the
location of the collision-- rather than to show why the officers went to
the scene. Appellant further contends this testimony was harmful
because the State's "theory was that the defendant drove from the
place of collision to the place where the truck was discovered in an
intersection .8 of a mile away." 

 To begin with, we are unable to discern how either the question
or response proves where the collision occurred, since the only
reference to location was that the officer was driving down Highway
100, and there is no description of where he stopped. The officer had
already testified that he was driving on Highway 100. The question
and response seem to go to when the officer heard the radio dispatch,
and tend to explain why the officers stopped at the scene. Thus, the
testimony was offered for the purpose of explaining the response of the
officer to the police dispatcher, and not for the truth of the matter
asserted. The statement is not objectionable as hearsay. Rosales v.
State, 932 S.W.2d 530, 536 (Tex. App.--Tyler 1995, no pet.) (citing
Jones v. State, 843 S.W.2d 487, 499 (Tex. Crim. App. 1992); Jordan v.
State, 852 S.W.2d 689, 693 (Tex.App.--Houston [14th Dist.] 1993),
aff'd, 883 S.W.2d 664 (Tex. Crim. App. 1994). 

 Even if we were to find trial counsel acted deficiently, we cannot
say but for counsel's deficient performance, the result of the proceeding
would have been different. The State established that there was an
accident and that it occurred on Highway 100 through other admissible
testimony. Thus, appellant was not harmed by the admission of this
testimony. 

 Appellant further contends trial counsel was ineffective for failing
to move to exclude his refusal to take a breathalyzer test and for failing
to move to suppress his statements made while under arrest that he
had been drinking and had two beers. He also claims counsel was
ineffective because he failed to move to suppress statements made by
appellant regarding prior arrests. According to appellant, trial counsel
should have objected to this evidence on the grounds that it was the
fruit of an unlawful arrest. As appellant notes, there was no warrant for
his arrest. Moreover, according to appellant, "[i]t was not plainly
committed in the presence of the police." 

 A peace officer may arrest an offender without a warrant for any
offense committed in his presence or view. Tex. Code Crim. Proc. Ann.
art. 14.02(b) (Vernon 1977). Here, the officers did not witness appellant
driving the vehicle. However, "an arrest for driving while intoxicated is
not necessarily invalid merely because the arresting officer did not see
the defendant drive his car, since the defendant may still be subject to
a public intoxication charge." Warrick v. State, 634 S.W.2d 707, 709
(Tex. Crim. App. 1982); see Mathieu v. State, 992 S.W.2d 725, 728
(Tex. App.­Houston [1st. Dist.] 1999, no pet.) (arrest is not invalid just
because officer labels the offense "driving while intoxicated"). A person
commits the offense of public intoxication if he appears in a public place
while intoxicated to the degree that he may endanger himself or
another. Tex. Pen. Code Ann. § 49.02(a) (Vernon Supp. 2000). 
"Whenever an intoxicated person is in an officer's presence and there
is probable cause to arrest him for public intoxication, the officer may
do so without a warrant, even though a warrantless arrest of that
person for the offense of driving while intoxicated would be unlawful." 
Mathieu, 992 S.W.2d at 728 (citing Reynolds v. State, 902 S.W.2d 558,
559-60 (Tex. App.­Houston [1st. Dist.] 1995, pet. ref'd)). 

 The evidence in this case demonstrates the police officers would
have been justified in arresting appellant for public intoxication;
consequently, the arrest was valid, and appellant's refusal to take a
breathalyzer and his statements made while under arrest were not the
fruit of an illegal arrest. Counsel is not required to make a frivolous
objection to admissible evidence. See Patrick v. State, 906 S.W.2d 481,
496 (Tex. Crim. App. 1995) (en banc). Thus, trial counsel was not
ineffective for failing to move to suppress this evidence. 

 Finally, appellant complains trial counsel was ineffective during
the punishment phase of the trial for failing to object to evidence
presented of the number of arrests for driving while intoxicated in the
lower portion of Texas. A witness testified that the combined number
of arrests for driving while intoxicated in a number of South Texas
counties was approximately 7,500. The State also asked appellant how
he felt about 7,500 arrests for driving while intoxicated in the area. 
Appellant contends trial counsel was ineffective for failing to object
because this evidence was highly prejudicial, and the prejudice
outweighed any probative value. 

 Assuming error, we cannot say there is a reasonable probability
that, but for counsel's deficient performance, the result would have
been different. The jury assessed punishment at four years
confinement, when it could have sentenced appellant to ten years. 
Thus, appellant received punishment on the lower end of the scale. 
Moreover, the State did not mention the number of arrests in closing
argument at the punishment stage. 

 From a review of the entire record, and in light of appellate
counsel's failure to provide a record specifically targeting trial counsel's
performance, we conclude trial counsel provided reasonably effective
assistance. Furthermore, even if trial counsel had performed deficiently,
we cannot say there is a reasonable probability that, but for counsel's
deficient performance, the result of the proceeding would have been
different. Appellant's second issue is overruled. 

 By his third issue, appellant complains the trial court erred in
verbally instructing the venire during voir dire regarding the burden of
proof. During voir dire, the trial judge gave the venire the following
instruction:

 The defendant is presumed to be innocent until
guilt is established by legal evidence, received
before you in the trial of this case, beyond a
reasonable doubt that the defendant is guilty of
the offense charged, or of a lesser offense
permitted under the instructions I will be giving
you, it will be your duty to return a verdict of
guilty. If you have a reasonable doubt as to the
guilt of the defendant, it will be your duty to
return a verdict of not guilty. 

 

No objection was made to the Court's comment at voir dire. According
to appellant, the statement "it will be your duty to return a verdict of
guilty" is tantamount to an instructed verdict. Appellant urges this
instruction during voir dire constituted egregious error requiring
reversal. Appellant also contends the error was not cured by the court's
written charge. 

 By failing to object to the instruction, appellant waived all but the
most egregious error. We reverse only if any error created such harm
that appellant has not had a fair and impartial trial. Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1984); Martinez v. State, 822
S.W.2d 276, 283 (Tex. App.--Corpus Christi 1991, no pet.) (reviewing
a judge's instruction during voir dire under Almanza). In reviewing the
entire record, we do not find that the above instruction rendered
appellant's trial fundamentally unfair. From a reading of the above
instruction, the trial court expressed to the jury that if it had a
reasonable doubt as to the guilt of the defendant, it had a duty to return
a verdict of not guilty. Furthermore, the trial court later instructed the
venire that the State "must prove each and every element of the offense
beyond a reasonable doubt." Finally, the court's written charge to the
jury correctly explained that the defendant is presumed innocent and
that the State had the burden of proof beyond a reasonable doubt. Any
error did not result in an unfair and impartial trial. Appellant's third
issue is overruled. 

 In his sixth issue, appellant contends section 49.04(a) of the Texas
Penal Code is unconstitutional as applied to appellant because it allows
the State to dispense with proof of mens rea, in contravention of due
process and due course of law, by prosecuting appellant when there
was evidence he suffered from schizophrenia. A facial constitutional
challenge may be raised on appeal for the first time. Rabb v. State, 730
S.W.2d 751, 752 (Tex. Crim. App. 1987). In contrast, "an allegation of
unconstitutional application of a statute cannot be raised for the first
time on appeal; it must first be made to the trial court." Bader v. State,
15 S.W.3d 599, 603 (Tex. App.­Austin 2000, pet. ref'd) (citations
omitted); see Tex. R. App. P. 33.1; Curry v. State, 910 S.W.2d 490, 496
(Tex. Crim. App. 1995); Garcia v. State, 887 S.W.2d 846, 861 (Tex.
Crim. App. 1994). Although appellant mentioned that there was some
evidence that he might have a "split personality" in the hearing on his
motion for new trial, he did not present a constitutional challenge to the
trial court. Accordingly, he failed to preserve the issue for our review. 
Appellant's sixth issue is overruled.

 In his seventh issue, appellant complains the State engaged in
improper jury argument by urging the jury to consider prior driving
while intoxicated offenses in determining guilt. Though he did not
object to the argument at trial, he contends this argument constitutes
fundamental error. 

 A defendant's right not to be subjected to incurable erroneous jury
arguments is one of those rights that is forfeited by a failure to insist
upon it. Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). 
A defendant's failure to object to a jury argument or his failure to pursue
to an adverse ruling his objection to a jury argument forfeits his right to
complain about the argument on appeal. Id.; Martinez v. State, 951
S.W.2d 55, 59 (Tex. App.­Corpus Christi 1997, no pet.). Because
appellant failed to object to the jury argument, he forfeited his right to
complain about the argument on appeal. Morales v. State, 951 S.W.2d
59, 64 (Tex. App.--Corpus Christi 1997, no pet.). Appellant's seventh
issue is overruled. 

 The judgment of the trial court is AFFIRMED.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 31st day of August, 2000.


1. Appellate counsel maintains he was unable to present evidence
concerning the alleged ineffectiveness of trial counsel because he did
not have a copy of the reporter's record, despite his timely request for
one. The trial court heard the motion for new trial on May 24, 1999. 
Because the trial court imposed appellant's sentence on April 14, 1999,
the court could have ruled on the motion for new trial as late as June
28, 1999. Tex. R. App. P. 21.8(a) (court must rule on motion for new
trial within 75 days after imposing sentence in open court). However,
appellate counsel did not move for a continuance, although over a
month remained during which the trial court could have heard the
motion for new trial. Thus, appellant waived any right to complain that
he was unable to present evidence at the hearing on the motion for new
trial.