Opinion issued May 1, 2008











     


In The
Court of Appeals
For The
First District of Texas




NOS. 01-07-00170-CR
01-07-00171-CR




KEITH ANTHONY MARINE, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court 
Harris County, Texas
Trial Court Cause Nos. 1071617 and 1078980




MEMORANDUM OPINION 

          Following a joint trial on two separate indictments, a jury found appellant,
Keith Anthony Marine, guilty of two aggravated sexual assaults of J.M.


 Because the
trial court found appellant had previously been convicted of a sexual assault crime in
another state, the court assessed a mandatory life sentence in each case, with the
sentences to run concurrently.


 Challenging each conviction, appellant raises two
identical issues in each appeal in which he claims that (1) he received ineffective
assistance of counsel and (2) the trial court erred by admitting hearsay testimony.
          We affirm both judgments.
                                                        Background
          Before Hurricane Katrina, appellant lived for a time with J.M.’s family in New
Orleans. Appellant was an old family friend whom J.M.’s mother, Lakindra, had
known since she was a child. Following the hurricane, J.M., Lakindra, and J.M.’s
four siblings moved from New Orleans to Tomball, Texas. Appellant was evacuated
to Austin, Texas. After the evacuation, appellant occasionally stayed with Lakindra
and her children in Tomball. 
          One weekend, two daughters of Lakindra’s friend, Shantell, stayed with
Lakindra and her children. Appellant was also visiting that weekend. When Shantell
came to pick up her daughters, Lakindra heard one of the girls, L.B., begin to say
something about appellant to Shantell, but L.B. was interrupted and did not finish the
statement.
          A few days later, Lakindra and Shantell drove to Rayne, Louisiana. Lakindra’s
children, including J.M., stayed with appellant at their home in Tomball. During the
drive, Shantell told Lakindra that L.B. had said something to her about appellant. 
When she heard what L.B. had told Shantell about appellant, Lakindra became
concerned for her children. 
          When she returned to Tomball, Lakindra questioned her children whether
appellant had acted inappropriately with them. Based on statements made by her
nine-year-old daughter, Lakindra immediately ordered appellant from her home and
drove him to the bus station. Six-year-old J.M. later made an outcry to Lakindra,
stating that appellant had penetrated her vaginally and anally with his penis. 
          Appellant was charged with and convicted of two offenses of aggravated
sexual assault with respect to his abuse of J.M. Appellant appeals those convictions. 
                                      Ineffective Assistance of Counsel
          In his first issue, appellant contends that he received ineffective assistance of
counsel “when his trial lawyer opened the door to evidence of an extraneous sexual
assault” by asking J.M. on cross-examination whether appellant had sexually
assaulted her only one time. 
          Based on this question, the State argued in the trial court that the defense “had
opened the door” to questioning J.M. about her claim that appellant had previously
sexually assaulted her in New Orleans. The trial court allowed the questioning. On
re-direct examination by the State, J.M. testified that appellant had sexually abused
her in Tomball and in New Orleans. 
A.      Legal Principles Governing Ineffective Assistance of Counsel
          To prove ineffective assistance of counsel, an appellant must show (1) that his
trial counsel’s performance fell below an objective standard of reasonableness and
(2) that the deficient performance prejudiced him. See Strickland v. Washington, 466
U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159
S.W.3d 98, 101 (Tex. Crim. App. 2005). Under the first prong, appellant must
overcome the strong presumption that counsel’s performance falls within a wide
range of reasonable professional assistance. Andrews, 159 S.W.3d at 101. Under the
second prong, appellant must show that there is a reasonable probability that, but for
counsel’s errors, the result of the proceeding would have been different. Id. at 102.
A “reasonable probability” is a probability sufficient to undermine confidence in the
outcome. Id. Appellant has the burden to establish both prongs by a preponderance
of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). A
failure to make a showing under either prong defeats a claim of ineffective assistance
of counsel. Rylander v. State, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).
          Isolated instances of errors of commission or omission by trial counsel will not
render his performance ineffective. Robertson v. State, 187 S.W.3d 475, 483 (Tex.
Crim. App. 2006). In conducting our review, we consider the totality of the
representation and the adequacy of assistance as viewed at the time of trial. Id.
B.      Analysis
          Appellant contends that his trial attorney provided ineffective assistance of
counsel because, by asking J.M. whether the abuse had occurred other than the time
she described at trial, trial counsel “opened the door” to allow the State to elicit
testimony from J.M. that appellant had previously abused her in New Orleans. 
Appellant further contends that the ineffectiveness was compounded because, once
the testimony regarding the abuse in New Orleans was admitted, trial counsel then
failed to request that the jury be given a limiting instruction regarding the evidence.
          To prevail, appellant must overcome the strong presumption that counsel’s
conduct falls within the wide range of reasonably professional assistance or might
reasonably be considered sound trial strategy. Robertson, 187 S.W.3d at 482–83;
Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). 
Generally, the record on appeal is undeveloped, and a silent record that provides no
explanation for counsel’s actions will not overcome the strong presumption of
reasonable assistance. Rylander, 101 S.W.3d at 110–11. Trial counsel should
ordinarily be afforded an opportunity to explain his actions before being denounced
as ineffective. Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). 
Absent an opportunity for the attorney to explain his actions, an appellate court
should not find deficient performance unless the challenged conduct was so
outrageous that no competent attorney would have engaged in it. Id.
          Here, appellant did not assert in his motion for new trial that his counsel was
ineffective for the reasons he now asserts on appeal, and the record does not
otherwise indicate why trial counsel chose to ask J.M. whether the abuse occurred
only once, or why he did not request a limiting instruction. On this record, we cannot
conclude that the challenged conduct was not sound trial strategy or was so
outrageous that no competent attorney could have engaged in it. 
          We note that, when trial counsel asked J.M. if the abuse had occurred only the
one time in Tomall, she responded “yes.” On cross-examination, J.M. testified that
it had not been only one time, but that appellant had also abused her in New Orleans. 
It is plausible that trial counsel delved into the area of other instances of abuse in an 
attempt to cast doubt on J.M.’s credibility, which is a proper trial strategy. See Josey
v. State, 97 S.W.3d 687, 696 (Tex. App.—Texarkana 2003, no pet.) (“We cannot say
attempting to discredit one . . . of the State’s primary witnesses is improper trial
strategy or otherwise falls below the level of an objectively reasonable standard of
conduct.”). If trial counsel was engaging in such strategy without success, we cannot
conclude in hindsight that he was ineffective for attempting it. See Blott v. State, 588
S.W.2d 588, 592 (Tex. Crim. App. 1979). 
          In sum, on this silent record, appellant has not overcome the strong
presumption that counsel might have acted pursuant to sound strategy. See Tong v.
State, 25 S.W.3d 707, 713–14 (Tex. Crim. App. 2000). We hold that appellant has
not met his burden to show ineffective assistance of counsel by a preponderance of
the evidence because he has not shown that his trial counsel’s performance fell below
an objective standard of reasonableness .
          We overrule appellant’s first issue. 
Back-Door Hearsay
          In his second issue, appellant contends that the trial court erred by admitting
hearsay testimony. Appellant complains of the following testimony elicited by the
State from J.M.’s mother, Lakindra:
[The State]: After driving with Shantell to Rayne, did Shantell tell you
something about what [L.B.] had said about [appellant]?
 
[Lakindra]: Yes.
 
[The State]: When she told you that, were you disturbed, were you
upset—
 
[The Defense]: Your Honor, I object. It calls for hearsay.
 
THE COURT: Repeat the question.
 
[The State]: After Shantell told you about what her daughter [L.B.] had
told her concerning [appellant], were you upset?
 
[Lakindra]: Yes, I was.
 
[The Defense]: Still that calls for back-door hearsay, Your Honor.
 
THE COURT: That’s overruled.
 
[The State]: Your state of mind at that point in time was what? Were
you concerned about—
 
[Lakindra]: My kids.
          Appellant contends that Lakindra’s testimony comprised inadmissible “back-door” or indirect hearsay. Specifically, appellant asserts, “The testimony of Lakindra
[] that she became upset and concerned for her kids after she heard what [L.B.] told
Shantell would cause the jury to deduce that [L.B.’s] statement to her mother was
ominous,” and such testimony “strongly implied the content” of L.B.’s out-of-court
statement. 
          The admissibility of hearsay evidence is a question for the trial court to resolve,
and we review its determination under an abuse of discretion standard. Coffin v.
State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994). Under this standard, we will not
reverse unless the trial court’s decision was so clearly wrong as to lie outside the zone
of reasonable disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1991).
          Hearsay is a “statement, other than one made by the declarant while testifying
at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”
Tex. R. Evid. 801(d). The rules of evidence define “statement” as “(1) an oral or
written verbal expression or (2) nonverbal conduct of a person, if it is intended by
[that] person as a substitute for verbal expression.” Tex. R. Evid. 801(a). An
out-of-court statement need not be directly quoted to fall subject to the hearsay rules. 
See Schaffer v. State, 777 S.W.2d 111, 114 (Tex. Crim. App. 1989). 
          As explained in Schaffer, “where there is an inescapable conclusion that a piece
of evidence is being offered to prove statements made outside the courtroom, a party
may not circumvent the hearsay prohibition through artful questioning designed to
elicit hearsay indirectly.” Id. Whether the disputed testimony violates the hearsay
prohibition necessarily turns on how strongly the content of the
out-of-court-statement can be inferred from the context. Head v. State, 4 S.W.3d 258,
259 (Tex. Crim. App. 1999).
          Taken in context, the jury in this case probably could have deduced from the
above quoted testimony the general substance of L.B.’s comment to Shantell about
appellant. Nonetheless, the record does not lead us to the “inescapable conclusion”
that the testimony was offered to prove the truth of L.B.’s statements to Shantell. 
Rather, it appears from the record that the State offered the testimony for the purpose
of showing the effect that learning of the statement had on Lakindra. The elicited
testimony described only how J.M.’s mother came to be concerned for her children’s
welfare while in the care of appellant. See Tex. R. Evid. 801(d); Schaffer, 777
S.W.2d at 114; see also Head, 4 S.W.3d at 262 (indicating that while jury may have
been able to deduce substance of out-of-court statements from disputed testimony of
witness, “trial court could have reasonably determined that this sort of inferential leap
did not provide the requisite degree of certainty ‘that the State’s sole intent in
pursuing this line of questioning was to convey to the jury’ the contents of the
out-of-court statements”) (quoting Schaffer, 777 S.W.2d at 114); Jordan v. State, 852
S.W.2d 689, 693 (Tex. App.—Houston [14th Dist.] 1993) (holding statement not
hearsay when offered by prosecutor only to demonstrate how police officer reacted
thereto), aff’d, 883 S.W.2d 664 (Tex. Crim. App. 1994). 
          Moreover, at the time the evidence was offered, the trial court could have
reasonably concluded that the testimony would not prove the substance of L.B.’s
statement. See Head, 4 S.W.3d at 262, 262 n.5 (concluding that, at the time of its
ruling, trial court could have reasonably concluded that disputed testimony would not
lead to any inescapable conclusions regarding substance of out-of-court statements). 
Accordingly, we hold that the trial court did not abuse its discretion when it permitted
the disputed testimony.
          We overrule appellant’s second issue. 
Conclusion
          We affirm the judgments of the trial court. All pending motions are denied.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).