

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00436-CR

Oscar **MATA-GUEVARA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CR-7347
The Honorable Ron Rangel, Judge Presiding

Opinion by: Marialyn Barnard, Justice

Sitting: Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: August 30, 2013

AFFIRMED

Following a jury trial, appellant Oscar Mata-Guevara was convicted on two counts of aggravated sexual assault of a child and sentenced to sixty years confinement on each count, to run concurrently, and assessed a $2,000 fine. On appeal, Mata-Guevara contends the trial court abused its discretion by denying both his request for a hearing on a claim of ineffective assistance of counsel during plea negotiations and his motion for mistrial. We affirm the trial court's judgment.

## BACKGROUND

A detailed rendition of the facts is unnecessary for the disposition of the issues in this appeal. We therefore provide only a brief history for context.

Mata-Guevara was indicted on three counts of aggravated sexual assault of a child and two counts of sexual assault of a child. He pled not guilty.

Before the jury trial began and before the jury was sworn, Mata-Guevara's trial counsel requested a hearing to determine whether Mata-Guevara's previous counsel had provided him ineffective assistance during plea negotiations. Trial counsel alleged Mata-Guevara had been misled by his previous counsel regarding several points of law, which resulted in Mata-Guevara rejecting a favorable plea bargain. The trial court held it was "premature to analyze the issue on whether or not there was a Sixth Amendment violation in regards to [Mata-Guevara's] prior attorney." The trial court advised Mata-Guevara he could raise this issue at a later time. Trial counsel then moved for a mistrial, which the trial court denied.

After a jury trial, Mata-Guevara was convicted on two counts of aggravated sexual assault. The trial court assessed punishment at sixty years confinement on each count, to run concurrently, and a $2,000 fine. Mata-Guevara then perfected this appeal.

## ANALYSIS

On appeal, Mata-Guevara contends the trial court abused its discretion by denying both his request for a hearing on a claim of ineffective assistance of counsel during plea negotiations and his motion for mistrial. The State counters by stating the trial court did not deny his request for an evidentiary hearing on his ineffective assistance claim against his previous attorney. Rather, the trial court found Mata-Guevara's request premature and advised he could raise the issue at a later time.

It is well settled that the right to effective assistance of counsel applies to certain steps before trial. *Missouri v. Frye*, 132 S.Ct. 1399, 1405 (2012). The Sixth Amendment guarantees a defendant the right to have counsel present at all critical stages of the criminal proceedings. *Id.* Courts have "long recognized that the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 1486 (2010). Accordingly, courts review claims of ineffective assistance of counsel in the plea bargain context. *See Padilla*, 130 S.Ct. 1473, 1480–81 (2010); *see also Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To provide effective assistance during plea proceedings, "counsel has a duty to render his best judgment to his client about what plea to enter, and that judgment should be informed by an adequate and independent investigation of the facts of the case." *Ex parte Reedy*, 282 S.W.3d 492, 500 (Tex. Crim. App. 2009).

In assessing the effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). Because an ineffective assistance of counsel claim must be firmly rooted and developed in the record, procedurally, such claims are typically raised after the disposition of a case through avenues such as a motion for new trial or an application for a post-conviction writ of habeas corpus. *See, e.g., id.* (noting ineffective assistance of counsel claims are more appropriately urged in hearing on application for writ of habeas corpus); *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (same); *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993) (holding ineffective assistance of counsel may be raised in motion for new trial).

Mata-Guevara does not argue the merits of his ineffective assistance of counsel claim, i.e., whether his former counsel provided effective assistance during plea negotiations. *See Jordan v. State*, 852 S.W.2d 689, 692 (Tex. App.—Houston [14th Dist.] 1993) (noting court need not

perform *Strickland* analysis to determine whether appellant's counsel was ineffective when issue is not raised on appeal), *aff'd*, 883 S.W.2d 664 (Tex. Crim. App. 1994). Rather, Mata-Guevara contends the trial court erred in denying his right to have a hearing on his ineffective assistance of counsel claim when he requested it prior to the start of trial.[1] We review a court's denial to hold a hearing on an ineffective assistance of counsel claim under an abuse of discretion standard. *See Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009) (noting courts use abuse of discretion standard in examining trial court's denial of hearing on motion for new trial based on ineffective assistance of counsel); *see Reyes*, 849 S.W.2d at 815 (same).

In order to be entitled to a hearing based on ineffective assistance of counsel, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Smith*, 286 S.W.3d at 340. That is, appellant must allege facts that would reasonably show he could prevail under both prongs of the *Strickland* test for ineffective assistance of counsel. *See id.* We hold Mata-Guevara could not have met *Strickland*'s prejudice prong because his case had not been disposed of at the time he requested the hearing. In fact, Mata-Guevara had the opportunity to re-urge a hearing on his ineffective assistance of counsel claim later in the proceedings, but failed to do so. Therefore, we hold the trial court did not abuse its discretion in denying a pre-trial hearing on the ineffective assistance of counsel claim. *See Smith*, 286 S.W.3d at 345 (holding court did not abuse its discretion in failing to hold hearing on ineffective assistance of counsel claim when appellant failed to raise facts to establish he could prevail under the *Strickland* prejudice prong).

---

[1] The State argues Mata-Guevara waived his right to raise this ineffective assistance of counsel claim on appeal because he failed to request a hearing after the trial court advised Mata-Guevara to raise it at a later time. However, the court of criminal appeals has held an ineffective assistance claim may be brought for the first time on appeal. *Cannon v. State*, 252 S.W.3d 342, 347 n.6 (citing *Robinson v. State*, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000)).

We also hold the trial court did not abuse its discretion in denying Mata-Guevara's motion for mistrial, which was raised to preserve the ineffective assistance of counsel claim. *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999) (holding court's denial of motion for mistrial is reviewed under abuse of discretion standard); *Hernandez v. State*, 805 S.W.2d 409, 413–14 (Tex. Crim. App. 1990). The trial court reasonably concluded Mata-Guevara's request for a pre-trial hearing on ineffective assistance of counsel was premature. Therefore, we hold the trial court's ruling was not "so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *See Smith*, 286 S.W.3d at 341. Accordingly, we overrule Mata-Guevara's issues.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

DO NOT PUBLISH