**Victor Manuel LOZADA–MENDOZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–95–212–CR.**

Court of Appeals of Texas, Corpus Christi.

May 22, 1997.

John A. George, Fly & Moeller, Victoria, for appellant.

Before FEDERICO G. HINOJOSA, Jr., and YANEZ and RODRIGUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellant, Victor Manuel Lozada–Mendoza, waived a jury trial and entered a plea of not guilty to the offense of aggravated possession with intent to deliver a controlled substance in excess of 400 grams. The trial

court found him guilty and assessed punishment at 65 years' confinement. By three points of error, appellant contends that the trial court erred in denying his motions to suppress the evidence and confessions, and that he received ineffective assistance of counsel. We affirm.

On November 30, 1994, Department of Public Safety (DPS) Trooper Donald Plunkett stopped a vehicle in Jackson County for failing to stay in a single lane and for carrying an unrestrained child under the age of two years. The driver and owner of the car was Clarice Silva Jalca, a Florida resident. Appellant was a passenger in the car. Jalca told Plunkett that she was en route from Brownsville to Tampa Bay, Florida, and that appellant was a friend. Plunkett told Jalca that he was going to give her a warning ticket for the traffic violations. Under DPS policy, warning citations are not written until a warrant check and stolen vehicle check have been run through the DPS dispatcher's computer.

After initiating the check, Plunkett routinely asked for appellant's identification and destination. Appellant identified himself as Victor Manuel Lozada–Mendoza, a civil engineer from Mexico. He claimed that he had no identification with him because it had been stolen in Brownsville. Appellant told Plunkett that he was coming from Brownsville and that he was en route to Brooklyn, New York. Queried again, Jalca denied that they were going to New York, but appellant reaffirmed that New York was their destination.

According to Plunkett, both Jalca and appellant appeared nervous and trembling and appellant's eyes were "twitching." Plunkett then asked appellant if there were any narcotics in the vehicle. Appellant replied, "You're welcome to look inside. I'll open the back for you." Plunkett then obtained appellant's written consent to search, approximately four to six minutes after the initial stop. Jalca, the owner of the vehicle, then gave her verbal consent to search. Appellant opened the vehicle's trunk, and Plunkett searched through the contents but found no contraband. Plunkett continued his inspection by tapping the right rear quarter panel

of the vehicle. Instead of a normal, hollow sound, he heard a dull thud. Noting that the quarter panel's screws bore fresh scratch marks, indicating recent removal and replacement, Plunkett removed the quarter panel and found several kilo-sized bricks of a substance later determined to be cocaine, wrapped in olive green rubber bladders, packed under the panel. Plunkett then placed Jalca and appellant under arrest, read them their rights, and transported them to the Jackson County Sheriff's Office.

While in transit, appellant spontaneously claimed sole possession of the contraband, declaring that more cocaine was concealed and that there were just under five kilos altogether. The total weight of cocaine eventually recovered was just under five kilos. Appellant repeated his admissions during interrogation by Jackson County Deputy Sheriff Joel Price, again before a grand jury, and yet again in the punishment/penalty phase of the trial.

By his first and second points of error, appellant complains that the trial court erred in denying his motion to suppress the evidence and his motion to suppress the subsequent confessions. Appellant contends that once the officer decided to issue a warning citation, the only basis for continued detention of the vehicle and its passengers was to run a "no warrants/stolen vehicle" check through DPS dispatch. The vehicle was detained for twenty-five to thirty minutes for this purpose, even though the evidence reflects that dispatchers normally take less than five minutes to complete a check. Appellant contends that the "unreasonable" delay was a mere pretext to allow Plunkett to illegally search and seize evidence from a vehicle over which appellant had neither ownership nor control.

The State contends that appellant waived any issue of unlawful search and seizure by freely and voluntarily testifying at the punishment phase of the trial that he possessed the contraband with intent to deliver it to another for payment. Thus, the State argues, no error is preserved for appeal.

The Court of Criminal Appeals has held that "[w]hen the defendant in a case

takes the witness stand and testifies to the possession of evidence which he has challenged as being unlawfully seized, he waives the error." *Jones v. State,* 843 S.W.2d 487, 493 (Tex.Crim.App.1992), *cert. denied,* 507 U.S. 1035, 113 S.Ct. 1858, 123 L.Ed.2d 479 (1993) (citing *Sims v. State,*. 502 S.W.2d 730, 731 (Tex.Crim.App.1973); *Creel v. State,* 493 S.W.2d 814, 819 (Tex.Crim.App.1973)). The fact that appellant testified and admitted possession of the cocaine during the *punishment* phase of the trial makes no difference to the validity of his waiver of any right to challenge the lawfulness of the search and seizure. *Sims,* 502 S.W.2d at 731; *Palmer v. State,* 475 S.W.2d 797, 798 (Tex.Crim.App. 1972). Because appellant freely and voluntarily admitted possession of the contraband while testifying in open court, he waived any complaint concerning the search and seizure. Accordingly, no error is preserved for review. Appellant's first and second points of error are overruled.

By his third point of error, appellant contends that he did not receive effective assistance of counsel.

The standard of review for ineffective assistance of counsel during the guilt/innocence phase was set out in *Strickland.* 466 U.S. at 687, 104 S.Ct. at 2064; *Vasquez v. State,* 830 S.W.2d 948, 949 (Tex.Crim.App.1992); *Craig v. State,* 825 S.W.2d 128, 129 (Tex.Crim.App. 1992); *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986). A defendant seeking relief must demonstrate (1) that counsel's performance failed to constitute reasonably effective assistance by falling below an objective standard of reasonableness under prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Hernandez,* 726 S.W.2d at 55; *Washington v. State,* 771 S.W.2d 537, 545 (Tex.Crim.App.), *cert. denied,* 492 U.S. 912, 109 S.Ct. 3229, 106 L.Ed.2d 578 (1989). A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Ex parte Walker,* 777 S.W.2d 427, 430 (Tex. Crim.App.1989). Whether this standard has

been met is to be judged by "the totality of the representation." *Ex parte Welborn,* 785 S.W.2d 391, 393 (Tex.Crim.App.1990). Our review of counsel's performance must be highly deferential. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984); *Garcia v. State,* 887 S.W.2d 862, 880 (Tex.Crim.App.1994), *cert. denied,* 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995).

The burden of proving ineffective assistance of counsel is on the appellant and is one which requires proof by a preponderance of the evidence. *Stafford v. State,* 813 S.W.2d 503, 506 n. 1 (Tex.Crim.App.1991); *Moore v. State,* 694 S.W.2d 528, 531 (Tex. Crim.App.1985); *Cannon v. State,* 668 S.W.2d 401, 403 (Tex.Crim.App.1984). An allegation of ineffective assistance of counsel will be sustained only if it is firmly founded and if the record affirmatively demonstrates counsel's alleged ineffectiveness. *Ex parte McWilliams,* 634 S.W.2d 815, 819 (Tex.Crim. App.1980), *cert. denied,* 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982). In determining whether trial counsel rendered deficient performance, we employ a strong presumption that counsel's conduct constitutes sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

Appellant first complains that his counsel failed to set a pre-trial hearing on the Motion to Suppress Fruits of Illegal Search and Motion to Suppress Confessions Illegally Obtained prior to trial and further failed to obtain rulings on the motions. Appellant cites no authority in support of his inference that counsel can compel the docketing of a pre-trial hearing on evidentiary motions. The trial court has the discretionary power to set hearings on motions to suppress evidence, but it is not mandatory that such hearings be held before trial. TEX.CODE CRIM. PROC. ANN. art. 28.01, § 1 (Vernon 1989); *Cantu v. State,* 546 S.W.2d 621, 621 (Tex.Crim.App.1977); *Hicks v. State,* 508 S.W.2d 400, 403 (Tex.Crim.App.1974).

It is clear from the record that the trial court heard the motions, that rulings were made on both motions, and that each motion was separately overruled. The record reflects that appellant waived a jury trial. At

the beginning of the guilt-innocense phase of the trial, the trial court informed appellant that it intended to hear the evidence and rule on the motions to suppress before deciding appellant's guilt or innocence. After hearing all of the evidence, the trial court overruled both motions and found appellant guilty of aggravated possession with intent to deliver a controlled substance in an amount in excess of 400 grams.

Appellant contends that counsel's failure to seek a separate, pre-trial hearing prejudiced his rights as it is probable that the motions to suppress would have been granted if the trial court had not had available the transcripts of appellant's oral confession to Deputy Sheriff Price and appellant's testimony to the grand jury. Appellant also contends that trial counsel was ineffective because counsel failed to object to the admission of appellant's statements to the grand jury and in stipulating to their admission. Appellant points out that statements to a grand jury are not normally admissible evidence in subsequent proceedings.

■ Ordinarily, one does not waive the privilege against self-incrimination at a later trial by testifying before a grand jury. *Victoria v. State*, 522 S.W.2d 919, 921 (Tex.Crim. App.1975); *Davis v. State*, 501 S.W.2d 629, 630 (Tex.Crim.App.1973). If the accused testified at the prior proceeding without due warning of his privilege against self-incrimination, then admissions would be subsequently inadmissible. *Allen v. State*, 80 Tex. Crim. 70, 188 S.W. 979, 979 (1916); *Dillard v. State*, 640 S.W.2d 85, 86 (Tex.App.—Fort Worth 1982, no pet.). Otherwise, in criminal actions, admissions of the accused made before a grand jury are ordinarily admissible against the accused. *Fuller v. State*, 827 S.W.2d 919, 928 (Tex.Crim.App.1992); *Medlock v. State*, 108 Tex.Crim. 274, 1 S.W.2d 308, 311 (1927); *Crosslin v. State*, 90 Tex. Crim. 467, 235 S.W. 905, 908 (1921). The record clearly shows that appellant was informed of and understood his privilege against self-incrimination at the beginning of the grand jury proceedings and voluntarily waived the privilege, both orally and in writing. When appellant appeared before the

grand jury, he was asked, "Do you want to refuse to testify on the grounds that what you say may tend to incriminate you?" Appellant replied, "No, all I can say, I'm still guilty and I have nothing else to hide." Appellant subsequently signed a written waiver of his rights, witnessed by the grand jury foreman. Moreover, appellant agreed, in writing, to stipulate to the admission of his grand jury testimony at the hearing on his motions to suppress. The stipulations include a statement that appellant was fully informed of his rights prior to his agreement to stipulate. At the beginning of the trial, in response to the judge's query, appellant reiterated that his attorney had explained the agreements to stipulate, that he understood them, that he freely and voluntarily agreed to the stipulations, and that he signed them.

■ Appellant next contends that counsel was ineffective because counsel failed to request a *Jackson v. Denno*[1] hearing to determine the voluntariness of appellant's confessions. If there is any evidence raised as to the voluntariness of a defendant's confession, whether or not counsel specifically requests a hearing, the trial court has a duty to hold a hearing on the issue. *McNeill v. State*, 650 S.W.2d 405, 407 (Tex.Crim.App. 1983). Appellant does not assert that his admissions were in any way involuntarily made nor does anything in the record suggest that he was compelled or persuaded to confess. On the contrary, appellant repeatedly waived his privilege against self-incrimination, reiterated his admission of guilt, and clearly stated that he had not been coerced, threatened, or persuaded into confessing.

Finally, appellant contends that his counsel was ineffective because he failed to raise the issue of venue. Appellant argues that the record contains insufficient evidence that the offense occurred in Jackson County, Texas.

■ Venue is a jurisdictional fact, not an element of the offense. *Edwards v. State*, 427 S.W.2d 629, 636 (Tex.Crim.App.1968); *Braddy v. State*, 908 S.W.2d 465, 467 (Tex. App.— Dallas 1995, no pet.); *see also* TEX. PENAL

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908  (1964).

**44**

CODE ANN. § 1.07(a)(22) (Vernon 1995). A trial court is permitted to take judicial notice of prominent local geographical features as are generally known within its territorial jurisdiction and also capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. TEX.R.CRIM. EVID. 201(b); *Bella v. State,* 792 S.W.2d 542, 544 (Tex.App.—El Paso 1990, no pet.). Plunkett testified that the offense occurred on U.S. Highway 59 near El Toro. His testimony is neither refuted nor contradicted by anything in the record. The trial court could take judicial notice that El Toro lies within Jackson County. *Edwards,* 427 S.W.2d at 633–34; *Carpenter v. State,* 169 Tex.Crim. 283, 333 S.W.2d 391, 393 (1960). The trial court could also take judicial notice of the path of U.S. Highway 59, in its relationship to El Toro, and that the portion concerned traverses no other county. TEX.R.CRIM. EVID. 201(b); *Clark v. State,* 170 Tex.Crim. 456, 342 S.W.2d 332, 333–34 (1961). Counsel's failure to raise the issue of venue had no effect on the outcome of the trial and thus, was not prejudicial to appellant's case.

■ The record contains no evidence of the reasoning behind trial counsel's actions, and we cannot speculate on the reasons for counsel's actions. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). Appellant could have rebutted the "effectiveness presumption" with a record containing competent evidence of trial counsel's reasoning or lack thereof. *Weeks v. State,* 894 S.W.2d 390, 392 (Tex.App.—Dallas 1994, no pet.). However, appellant failed to rebut the presumption that counsel's actions constituted sound trial strategy. *See Heiman v. State,* 923 S.W.2d 622, 627 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd).

After reviewing the entire record, we hold that appellant has failed to establish, by a preponderance of the evidence, that he did not receive effective assistance of counsel. Appellant's third point of error is overruled.

The judgment of the trial court is AFFIRMED.