NUMBER 13-98-068-CR 



COURT OF APPEALS 



THIRTEENTH DISTRICT OF TEXAS 



CORPUS CHRISTI 

___________________________________________________________________ 



BRYANT WILLIAMS, Appellant, 



v. 



THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 24th District Court 

of Jackson County, Texas. 

____________________________________________________________________ 



O P I N I O N 



Before Justices Dorsey, Chavez, and Rodriguez 

Opinion by Justice Rodriguez 







A jury found appellant, Bryant Williams, guilty of possession with intent to deliver
more than four grams but less than two hundred grams of cocaine. See Tex. Health
& Safety Code Ann. 481.112(d) (Vernon Supp. 2000). The jury assessed punishment at
forty years confinement and a fine of $5,000. By a single issue, appellant complains of
ineffective assistance of counsel. We affirm. 

A trooper for the Texas Department of Public Safety was working routine traffic in
Jackson County when he observed a vehicle exceeding the legal speed limit. The trooper
stopped the vehicle and saw Jamal Young sitting in the driver seat and appellant sitting
in the passenger seat. The trooper asked the men where they were heading, and they
responded with conflicting answers. Both men appeared nervous. The trooper ran a check for
warrants on the two individuals, and learned of an outstanding warrant for appellant's
arrest in Illinois. The trooper arrested appellant, and during an incidental search,
discovered 24.21 grams of cocaine taped to appellant's groin area. 

In his sole point of error, appellant complains he was denied effective assistance of
counsel. Specifically, appellant complains that he received ineffective assistance of
counsel because trial counsel apparently advised him to testify, and, according to
appellant, failed to advise him as to all the consequences of testifying. He also contends
trial counsel performed deficiently during direct examination of appellant. 

We apply the two-pronged Strickland(1) test to
determine whether representation was so inadequate as to violate appellant's Sixth
Amendment right to counsel. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999). To prevail on a claim of ineffective assistance of counsel, an appellant must
show: (1) counsel's performance was deficient; and (2) the deficient performance
prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Thompson,
9 S.W.3d at 812. The burden of proving ineffective assistance of counsel is on the
appellant and is one which requires proof by a preponderance of the evidence. See
Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). 

The showing of deficiency, which must affirmatively appear in the record, requires that
counsel's performance fell below an objective standard of reasonableness. See Thompson,
9 S.W.3d at 812-13. We indulge a strong presumption that counsel's performance fell within
the wide range of reasonable professional assistance. See id; Tijerina v.
State, 921 S.W.2d 287, 289 (Tex. App.--Corpus Christi 1996, no pet.). 

An appellant must affirmatively prove prejudice with a showing that there is a
reasonable probability that, but for counsel's deficient performance, the outcome of the
proceeding would have been different. See Thompson, 9 S.W.3d at 812. "A
reasonable probability is a probability sufficient to undermine confidence in the
outcome." Id. We conduct the aforementioned review by looking to the
totality of the representation and the particular circumstances of each case. See id.
at 813. 

In this case, trial counsel called appellant as his first witness. Prior to appellant
taking the stand, trial counsel admonished him, before the court and opposing counsel, but
outside the presence of the jury, as follows: 

Mr. Cedillo: Have you - have we discussed the possibility of you testifying or not
testifying in open court? 



The Defendant: Yes, sir. 



Mr. Cedillo: Okay. And has your attorney, that is myself, admonished or given you first
of all the understanding that you do not have to testify? 



The Defendant: Yes. 



Mr. Cedillo: By law nobody can make you testify. 



The Defendant: Yes, sir. Yes, sir. 



Mr. Cedillo: And if you do decide to testify that's a decision made solely by you? 



The Defendant: Yes, sir. 



Mr. Cedillo: Based on my advice? 



The Defendant: Yes, sir. 



Mr. Cedillo: And nobody, let me ask you another question on that respect. 

You know that if you do take the stand- 



The Defendant: Yes, sir. 



Mr. Cedillo: -that you will be subject to a vigorous cross-examination by the
prosecutor even to the point where items that have been brought before this Court may be
questioned, may be asked of you? 



The Defendant: Yes, sir. 



Mr. Cedillo: Okay. Knowing that do you want to testify or - 



The Defendant: Yes, I do. 

The trial judge further admonished appellant that he did not have to testify. On
appeal, appellant complains trial counsel did not indicate that it would not be in his
best interest to take the stand. 

The record indicates that although appellant may have elected to testify based on the
advice of counsel, he was clearly informed that he was not obligated to do so. Moreover,
trial counsel warned appellant that by electing to testify, he would be subject to
rigorous cross-examination. Therefore, trial counsel did not act deficiently in
admonishing appellant of the dangers associated with testifying. 

Appellant further complains of trial counsel's decision to have him testify and of
counsel's questioning during direct examination. Appellant notes trial counsel had
appellant admit he was in possession of cocaine and that he was knowledgeable of the drug
scene in Harris County. Counsel also asked appellant about his outstanding warrant in
Illinois, which was for possession of cocaine. 

Appellant has failed to create a record regarding counsel's trial strategies. See
Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993) (defendant may raise
ineffective assistance of counsel claim and develop record in proceeding on motion for new
trial). Absent such a record, we must indulge the strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). A full inquiry into the
strategy or tactics of counsel should be made only if from all appearances after trial,
there is no plausible basis in strategy or tactics for his actions. See Ex
Parte Ewing, 570 S.W.2d 941, 945 (Tex. Crim. App. 1978); Newsome v. State,
703 S.W.2d 750, 755 (Tex. App.--Houston [14th Dist.] 1985, no pet.). 

Appellant's trial counsel may have believed that having appellant admit to possessing
the cocaine and having knowledge of the drug community would increase his credibility
before the jury. Consequently, the jury may have been more likely to believe his testimony
that he did not deliver the cocaine, which was an essential element of the offense for
which he was convicted. The jury may have also been more likely to believe his testimony
that the cocaine introduced into evidence by the State was not the same cocaine he had in
his possession on the date of the offense. Thus, there was a plausible basis for trial
counsel to call appellant to the stand and question him as he did. See Burns, 601
S.W.2d at 372 (error in trial strategy will be considered inadequate representation only
if counsel's actions are without any plausible basis). Appellant could have rebutted the
"effectiveness presumption" with a record containing competent evidence of trial
counsel's reasoning or lack thereof, yet failed to do so. See Lozada-Mendoza v. State,
951 S.W.2d 39, 44 (Tex. App.--Corpus Christi 1997, no pet.). Accordingly,
appellant has failed to satisfy the deficient performance requirement of the Strickland
test. Having found trial counsel was not ineffective, we overrule appellant's point of
error. 

The judgment of the trial court is AFFIRMED. 

NELDA V. RODRIGUEZ 

Justice 



Do not publish. Tex. R. App. P. 47.3. 

Opinion delivered and filed this the 28th day of April, 2000. 

1. Strickland v. Washington, 466 U.S. 668, 687 (1984).