NUMBER 13-98-580-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


RUBEN RAMOS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 94th District Court of Nueces County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 A jury found appellant, Ruben Ramos, guilty of aggravated
robbery, and the trial court assessed his punishment at seven years
imprisonment. By a single point of error, appellant contends he was
denied effective assistance of counsel at the punishment phase of the
trial. We affirm.

A. Background and Procedural History


 On March 19, 1998, appellant was indicted for aggravated
robbery. At trial, evidence was presented that on or about November
14, 1997, appellant entered a Times Market convenience store, obtained
an orange soda and took it to the counter. Appellant paid for the drink,
and when the manager, George Espinosa, opened the cash register to
give appellant his change, appellant demanded the money in the
register. The demand made by appellant was done at gunpoint and he
threatened to kill Espinosa if he did not comply. Appellant took the
money, some cigarettes, two rings, and a watch from Espinosa. As he
left the store, appellant told Espinosa that he would come back and kill
him if he called the police. On October 21, 1998, the jury found
appellant guilty of aggravated robbery. Appellant elected to have the
judge assess punishment and was sentenced to confinement for seven
years.

B. Ineffective Assistance of Counsel


 In his single point of error, appellant contends he was denied
effective assistance of counsel because his trial counsel failed to file a
sworn application for community supervision. Specifically, appellant
argues that his counsel (1) failed to introduce evidence of appellant's
lack of a criminal record and (2) failed to advise his client to elect to
have the jury assess punishment since the jury could have
recommended community supervision if a sworn affidavit for
community supervision had been filed.

 The standard of review for ineffective assistance of counsel was
set out in Strickland v. Washington. 466 U.S. 668, 687 (1984); Vasquez
v. State, 830 S.W.2d 948, 949 (Tex. Crim. App. 1992); Craig v. State,
825 S.W.2d 128, 129 (Tex. Crim. App. 1992); Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986). The Strickland standard applies
to ineffective assistance of counsel at both the guilt-innocence and
punishment phases of the proceedings. Hernandez v. State, 988
S.W.2d 770 (Tex. Crim. App. 1999). A defendant seeking relief must
demonstrate (1) that counsel's performance failed to constitute
reasonably effective assistance by falling below an objective standard
of reasonableness under prevailing professional norms, and (2) that
there is a reasonable probability that, but for counsel's deficient
performance, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 694; Hernandez, 726 S.W.2d at 55; Washington
v. State, 771 S.W.2d 537, 545 (Tex. Crim. App. 1989); Lozada-Mendoza
v. State, 951 S.W.2d 39, 42 (Tex. App.--Corpus Christi 1997, no pet.). 
A "reasonable probability" is defined as "a probability sufficient to
undermine confidence in the outcome." Strickland, 466 U.S. at 694; Ex
parte Walker, 777 S.W.2d 427, 430 (Tex. Crim. App. 1989). Whether
this standard has been met is to be judged by "the totality of the
representation." Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim.
App. 1990).

 Our review of counsel's performance must be highly deferential. 
Strickland, 466 U.S. at 689; Garcia v. State, 887 S.W.2d 862, 880 (Tex.
Crim. App. 1994). 

The burden of proving ineffective assistance of counsel is on the
appellant and is one which requires proof by a preponderance of the
evidence. Stafford v. State, 813 S.W.2d 503, 506 n.1 (Tex. Crim. App.
1991); Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985);
Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). An
allegation of ineffective assistance of counsel will be sustained only if
it is firmly founded and if the record affirmatively demonstrates
counsel's alleged ineffectiveness. Ex parte McWilliams, 634 S.W.2d
815, 819 (Tex. Crim. App. 1980). In determining whether trial counsel
rendered deficient performance, we employ a strong presumption that
counsel's conduct constitutes sound trial strategy. Strickland, 466 U.S.
at 689; Miniel v. State, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992).

 Consistent with Strickland, we must presume that counsel is
better positioned than the appellate court to judge the pragmatism of
the particular case, and that he made all significant decisions in the
exercise of reasonable professional judgment. Delrio v. State, 840
S.W.2d 443, 447 (Tex. Crim. App. 1992); Moffatt v. State, 930 S.W.2d
823, 826-27 (Tex. App.--Corpus Christi 1996, no pet.). The record
must contain evidence of counsel's reasoning, or lack thereof, to rebut
that presumption. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994). The constitutional right to counsel does not mean errorless
counsel or counsel judged ineffective by hindsight. Ex parte Carillo, 687
S.W.2d 320, 324 (Tex. Crim. App. 1985).

 Performance of counsel cannot generally be adequately examined
based on a trial court record. Kemp v. State, 892 S.W.2d 112, 115 (Tex.
App.--Houston [1st Dist.] 1994, pet. ref'd). A proper review should
focus on a record specifically targeting the conduct of trial counsel. Id. 
Such a record is best developed during a hearing on application for writ
of habeas corpus or motion for new trial. Id.; see Jackson, 877 S.W.2d
at 772 (Baird, J., concurring). To find that trial counsel was ineffective
based on a record silent as to why trial counsel conducted the trial as
he did, such as the one before us, would call for speculation, which we
are not permitted to do. See id.; Lozada-Mendoza, 951 S.W.2d at 44. 
Only in rare and egregious circumstances would a record on direct
appeal suffice to rebut the presumption of sound trial strategy. Kemp,
892 S.W.2d at 115; see Ex parte Zepeda, 819 S.W.2d 874, 877 (Tex.
Crim. App. 1991) (counsel's failure to request instruction on law of
accomplice witness testimony constitutes ineffective assistance of
counsel according to Strickland standard); Alaniz v. State, 937 S.W.2d
593, 596 (Tex. App.--San Antonio 1996, no pet.) (record reflected
counsel was ineffective for allowing venire person who had been struck
to become a member of jury without objection).

 Appellant contends his trial counsel was ineffective because he did
not advise appellant of the possibility that the jury could recommend
community supervision and the requirement of filing a sworn motion so
that he would be eligible for community supervision.

 In its discussion of jury recommended community supervision,
article 42.12 of the code of criminal procedure provides:

a defendant is eligible for community supervision under this
section only if before the trial begins the defendant files a
written sworn motion with the judge that the defendant has
not previously been convicted of a felony in this or any other
state, and the jury enters in the verdict a finding that the
information in the defendant's motion is true.


Tex. Code Crim. Proc. Ann. art. 42.12, § 4(e) (Vernon Supp. 2000).

 It appears from the record that appellant had no prior criminal
record.(1) If appellant had filed a sworn motion and elected to have the
jury assess punishment, the jury may have recommended that appellant
be placed on community supervision. See Tex. Code Crim. Proc. Ann.
art. 42.12, § 4(a), (b) (Vernon Supp. 2000). In contrast, when appellant
elected to have the judge impose punishment, the judge could not place
appellant on community supervision because judge ordered community
supervision does not apply when a defendant is adjudged guilty of
aggravated robbery. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g
(a)(1)(F) (Vernon Supp. 2000).

 The record in this case is devoid of trial counsel's reasoning for
suggesting that the judge assess punishment. It may be a situation
where counsel suggested that the jury assess punishment and
appellant preferred that the judge do so. Given that there is no affidavit
from trial counsel indicating the reasons for the election of the judge to
assess punishment, to deem counsel's conduct as ineffective would call
for speculation, which we are not permitted to do. Contra Ex parte
Canedo, 818 S.W.2d 814 (Tex. Crim. App. 1991) (trial counsel found to
be ineffective when his affidavit established that his mistaken belief that
applicant was eligible for shock probation caused him to erroneously
advise his client that the trial court should assess punishment).

 After reviewing the entire record, we hold that counsel's
representation was not so inadequate as to fall below an objective
standard of reasonableness under the prevailing professional norms
since the record is devoid of any evidence reflecting the veracity of
appellant's allegations. Therefore, we overrule appellant's sole point of
error.

 The judgment of the trial court is affirmed.



 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

the 17th day of August, 2000.


1. While there is nothing in the record concretely establishing any prior
convictions, numerous references are made to a prior instance of appellant being
found with a marijuana cigarette in his pocket. Trial counsel states, "I don't even
think he was even found guilty of that."