NUMBER
13-00-00473-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG

 

JOEL TORRES,                                                                   Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

     On appeal from the 206th District Court
 of Hidalgo County, Texas.

 

                                   O P I N I
O N

 

                     Before Justices Hinojosa, Yañez, and Castillo

                                 Opinion by
Justice Hinojosa

 








A jury found appellant, Joel
Torres, guilty of two counts of forgery[1]
and one count of theft,[2]
and the trial court assessed his punishment at two years imprisonment for each
count of forgery and five years imprisonment for the theft.  The trial court ordered the three sentences
to run concurrently and signed three separate judgments.

By four points of error, appellant
contends: (1) the evidence is legally insufficient to support his conviction,
(2) the trial court erred by refusing to allow certain evidence to be presented
to the jury, and (3) he received ineffective assistance of counsel because his
counsel failed to object to evidence of an extraneous offense and failed to
request a mistake of fact instruction. 
We affirm.

                                                A.  Background

Sisters, Carmen Mead and Alejandra Garza own a tract of land in Hidalgo County known as the MeGa
Ranch.  During hunting season, the ranch
is leased to game hunters.  Appellant
received access to the property by obtaining a lease from the son of one of the
owners.  He then proceeded to forge the
names of the two owners on lease contracts and sublease the property to
unsuspecting hunters under the guise of being the lease-master for the
property.  After learning of these
events, the owners refused to allow the hunters to have access to the
property.  No hunter was allowed to hunt
on the property.

                                            B.  Legal
Sufficiency

By his first point of error,
appellant complains that the evidence is legally insufficient to support his
conviction for theft of property of the value of $20,000 or more, but less than
$100,000.  He contends the State only
proved he received $16,860.








When we review the legal
sufficiency of the evidence, we view all the evidence in the light most
favorable to the verdict to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 
The standard is the same for both direct and circumstantial evidence
cases.  Vela v. State, 771 S.W.2d
659, 660 (Tex. App.CCorpus Christi 1989, pet. ref'd).  In
conducting this analysis, we may not re-weigh the evidence and substitute our
judgment for that of the jury.  King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App.
2000).  We measure the legal sufficiency
of the evidence by the elements of the offense as defined by the hypothetically
correct jury charge.  Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
Such a charge would accurately set out the law, would be authorized by
the indictment, and would not unnecessarily increase the State's burden of
proof.  Id.

The hunters testified that they
paid appellant the following amounts of money to hunt at the ranch:

(a)              
Rolando Alaniz                        $     
700.00

(b)      Oscar Buentello                             600.00

(c)      Robert Estrada                            1,200.00

(d)      Sabas Fonseca                               250.00

(e)      Carlos Gonzales                             600.00

(f)      Atanacio Hinojosa                       5,600.00

(g)      Joe Longoria                               1,910.00

(h)      Joe Lopez                                      700.00

(i)       Hector
Montalvo                            600.00

(j)       Nick Perez                                     700.00

(k)      David Salinas                                 600.00

(l)       Mateo Solis                                 1,050.00

(m)     Rene Solis                                   2,500.00

(n)      Francisco Torres                         2,800.00

(o)      Moises Torres                             1,000.00

 

Total                                       $ 20,810.00

 

Accordingly,
we conclude that any rational trier of fact could
have found the essential elements of the offense of theft of property of the
value of $20,000 or more, but less than $100,000, beyond a reasonable
doubt.  We hold that the evidence is
legally sufficient to support appellant=s
conviction.  Appellant=s
first point of error is overruled.








                                      C.  Admissibility
of Evidence

By
his second point of error, appellant complains the trial court erred by
refusing to allow him to present evidence of a letter which referred to him as the
lease-master for the ranch.

In
considering a trial court=s ruling
on the admissibility of evidence, an appellate court must utilize an
abuse-of-discretion standard of review.  Prystash v. State, 3 S.W.3d 522, 527 (Tex. Crim. App. 1999).  In
other words, the appellate court must uphold the trial court=s
ruling if it is reasonably supported by the record and is correct under any
theory of law applicable to the case.  Romero
v. State, 800 S.W.2d 539, 543-44 (Tex. Crim. App.
1990).  In addition, an appellate court
must review the trial court=s ruling
in light of what was before the court at the time the ruling was made.  Weatherred
v. State, 15 S.W.3d 540, 542 (Tex. Crim. App.
2000).      

Defense
Exhibit Number One was a facsimile transmission of a letter written by Atanacio Hinojosa to the Hidalgo County Sheriff=s
Office.  The letter detailed Hinojosa=s
complaint against appellant.  In the
letter, Hinojosa stated that Robert Garza, the brother of the owners of the MeGa Ranch, had informed him that appellant was the
lease-master.








The
State objected that the letter was hearsay and that it was not within any
recognized exception to the rule.[3]  Appellant argued that the letter fell under
the present sense impression exception to the rule.[4]  The trial court sustained the objection.  On appeal, appellant asserts he offered the
letter for impeachment purposes and contends the trial court abused its
discretion by refusing to allow him to present the evidence to the jury.

If
an objection made in the trial court differs from the complaint made on appeal,
a defendant has not preserved any error for review.  See Tex.
R. App. P. 33.1(a); Thomas v. State, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986); Doyle v. State, 24 S.W.3d 598, 602
(Tex. App.BCorpus Christi 2000, pet. ref=d).  Accordingly, we hold appellant has waived
this complaint and there is nothing for us to review.  Appellant=s second
point of error is overruled.

                             D.  Ineffective
Assistance of Counsel

By
his third and fourth points of error, appellant contends he received
ineffective assistance of counsel because his counsel failed to object to
evidence of an extraneous offense and failed to request a mistake of fact
instruction.

  Our review of counsel's performance must be
highly deferential.  Strickland v. Washington,
466 U.S. 668, 689 (1984); Garcia v. State, 887 S.W.2d 862, 880 (Tex. Crim. App. 1994). 
The burden of proving ineffective assistance of counsel is on the
appellant and is one which requires proof by a preponderance of the
evidence.  Stafford v. State, 813
S.W.2d 503, 506 n.1 (Tex. Crim. App. 1991); Moore
v. State, 694 S.W.2d 528, 531 (Tex. Crim. App.
1985); Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim.
App. 1984).  An allegation of ineffective
assistance of counsel will be sustained only if it is firmly founded and if the
record affirmatively demonstrates counsel's alleged ineffectiveness.  Ex parte
McWilliams, 634 S.W.2d 815, 819 (Tex. Crim. App.
1980).








Effective
assistance of counsel is gauged by the totality of the representation from the
pretrial representation of the accused through the punishment stage of the
trial.  Ex parte
Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990) (quoting Strickland, 466 U.S. at
689); Ex parte Walker, 777 S.W.2d 427, 431
(Tex. Crim. App. 1989).  Thus, the trial as a whole must be reviewed
and not isolated incidents of counsel's performance.  Cannon, 668 S.W.2d at 403.

The
standard of review for ineffective assistance of counsel is the same for  all phases of the trial.  Hernandez v. State, 988 S.W.2d 770,
772 (Tex. Crim. App. 1999).  A defendant seeking relief must demonstrate:
(1) that counsel's performance failed to constitute reasonably effective
assistance by falling below an objective standard of reasonableness under the
prevailing professional norms and (2) that there is a reasonable probability
that, but for counsel's deficient performance, the result of the proceeding
would have been different.  Strickland,
466 U.S. at 694; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  A
"reasonable probability" is defined as "a probability sufficient
to undermine confidence in the outcome.@  Strickland, 466 U.S.
at 694; Ex parte Walker,
777 S.W.2d at 430.  The "reasonably
effective assistance" standard does not mean errorless counsel nor does it
mean counsel is judged ineffective by hindsight.  Ex parte Felton,
815 S.W.2d 733, 735 (Tex. Crim. App. 1991).








We
begin our analysis with a rebuttable presumption that
counsel is better positioned than the appellate court to judge the pragmatism
of the particular case and that he made all significant decisions in the
exercise of reasonable professional judgment. 
Delrio v. State, 840 S.W.2d 443,
447 (Tex. Crim. App. 1992).  The presumption may be rebutted by evidence
in counsel's reasoning, or lack thereof. 
Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 

Performance
of counsel cannot generally be adequately examined based on a trial court
record.  Kemp v. State, 892 S.W.2d
112, 115 (Tex. App.CHouston
[1st Dist.]1994, pet. ref'd).  A proper review should focus on a  record specifically targeting the conduct of
trial counsel.  Id.  Such a record is best developed during a
hearing on application for writ of habeas corpus or motion for new trial.  Id.; see Jackson, 877 S.W.2d at 772
(Baird, J., concurring).  To find that
trial counsel was ineffective based on a record silent as to why trial counsel
conducted the trial as he did would call for speculation, which we are not permitted
to do.  See Jackson,
877 S.W.2d at 771; Lozada‑Mendoza v.
State, 951 S.W.2d 39, 44 (Tex. App.CCorpus
Christi 1997, no pet.).

                       1.  Failure to Object to Extraneous Offense
Evidence

By
his third point of error, appellant contends he received ineffective assistance
of counsel during trial because his counsel failed to object to the
introduction of allegedly prejudicial extraneous offense evidence.

Appellant
complains of testimony presented by Hidalgo County Deputy Sheriff Jose Jasso that his investigation revealed thirty-five hunters
had leased the property from appellant. 
Appellant contends Jasso=s
testimony that there were more victims than were alleged in the indictment is
highly prejudicial extraneous offense evidence. 
To successfully argue that trial counsel=s failure
to object amounted to ineffective assistance, an appellant must show that if
trial counsel had objected, the trial judge would have committed error in
refusing to sustain the objection.  Vaughn
v. State, 931 S.W.2d 564, 566 (Tex. Crim. App.
1996).  After reviewing the record, we
conclude appellant failed to present such evidence.








Further,
appellant presented no evidence showing that his counsel=s
decisions were not made in the exercise of reasonable professional
judgment.  Accordingly, we hold that
appellant failed to prove by a preponderance of the evidence that he received
ineffective assistance of counsel during trial. 
Appellant=s third point of error is overruled.

                        2.  Failure to Request a Mistake of Fact
Instruction

By
his fourth point of error, appellant complains he received ineffective
assistance of counsel during trial because his counsel failed to ask the trial
court to include a mistake of fact instruction in the jury charge.  Appellant contends the evidence raised the
possibility of a mistake of fact defense and argues he was entitled to such an
instruction.

The
record contains no evidence showing counsel=s
reasoning, or lack thereof, to rebut the presumption of effectiveness.  Further, the record contains no evidence that
counsel's performance fell below an objective standard of reasonableness under
the prevailing professional norms. 
Accordingly, we hold that appellant failed to prove by a preponderance
of the evidence that he received ineffective assistance of counsel during
trial.  Appellant=s
fourth point of error is overruled.

The judgments of
the trial court are affirmed.

 

 

FEDERICO G.
HINOJOSA

Justice

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this
the

23rd day of May, 2002.











[1]
See Tex.
Pen. Code Ann. '
32.21 (Vernon
Supp. 2002).





[2]
See Tex.
Pen. Code Ann. '
31.03 (Vernon
Supp. 2002).





[3]
Hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered
in evidence to prove the truth of the matter asserted.  Tex.
R. Evid. 801(d).  Generally, hearsay evidence is inadmissible
unless it is rendered admissible by an exception or rule.  Tex.
R. Evid. 802.





[4] Texas
Rule of Evidence 803(1) defines present sense impression as a statement
describing or explaining an event or condition made while the declarant was perceiving the event or condition, or
immediately thereafter.  Tex. R. Evid. 803(1).