NUMBER
13-01-181-CR

 

                                 COURT OF
APPEALS

 

                     THIRTEENTH DISTRICT OF
TEXAS

 

                           CORPUS CHRISTI-EDINBURG

 

RAMON CABRERA,                                                                          Appellant,

 

                                                             v.

 

THE
STATE OF TEXAS ,                                                                 Appellees.

 

                            On appeal from
the214th District Court   

                                        of
Nueces, County, Texas.

 

                                          O P I
N I O N

 

       Before Chief Justice Valdez and Justices Dorsey and Rodriguez       

                                        Opinion by Chief Justice Valdez

 








Appellant, Ramon
Cabrera, appeals from a jury conviction for murder.  Appellant argues through four issues: (1)
trial counsel allowed an unqualified juror to be seated and thereby denied him
effective assistance of counsel; (2) the seating of an unqualified juror denied
appellant due process and equal protection of the law; (3) the seating of an
unqualified juror denied appellant a fair and impartial jury; and, (4) the
trial court erred in failing to grant appellant=s motion for mistrial following the display of
prejudicial photographs to the jury.  We
affirm.

                                                    Factual and
Procedural History

On October 15, 1999,
several persons had been drinking at the home of David Saenz.  Appellant requested that Saenz, a musician,
play a particular song.  After Saenz said
he was not familiar with the song, he and appellant argued.  Freddie De Leon, Saenz=s friend and neighbor,
testified that appellant pulled out a gun and shot Saenz.  Appellant fled, but was later arrested.  The gun and two boxes of ammunition were
recovered from his vehicle.  Appellant
was transported back to the scene, where he was identified by several witnesses.

The jury found appellant
guilty of murder and assessed his punishment at ninety-nine years confinement
in the penitentiary, rejecting his request for probation.

                                                                Unqualified
Juror

By issues two and three,
appellant complains of the seating of an unqualified juror, Aurlie Strealy, who
stated that she could not consider probation in a murder case.  Appellant asserts that the seating of
Strealy, an unqualified juror, denied him due process of law, equal protection,
and a fair and impartial jury.








The constitutional
right, asserted by appellant, to fair and impartial jurors is not absolute, and
may be waived if not preserved in some fashion at trial.  See Delrio v. State, 840 S.W.2d
443, 445-46 (Tex. Crim. App. 1992).  In
order to preserve error on a challenge for cause, the defendant must
demonstrate on the record that: he asserted a clear and specific challenge for
cause; he used a peremptory challenge on the complained of venireperson; all
his peremptory challenges were exhausted; his request for additional strikes
was denied; and, an objectionable juror sat on the jury.  Rosales v. State, 4 S.W.3d 228, 232
(Tex. Crim. App. 1999); Green v. State, 934 S.W.2d 92, 105 (Tex. Crim.
App. 1996).

In the present case,
appellant failed to challenge Strealy for cause, nor did he exercise a
peremptory strike against her.  Having
failed to preserve error, we overrule issues two and three.  Tex.
R. App. P. 33.1.

                                                  Ineffective
Assistance of Counsel

Appellant complains, in
issue one, that he was denied effective assistance of counsel when his trial
counsel allowed an unqualified juror to be seated. 








In determining whether
an accused received ineffective assistance of counsel, we apply the Strickland
test.  Strickland v. Washington,
466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex.
Crim. App. 1984) (adopting Strickland as appropriate standard under
Texas law).  The Strickland test
consists of two prongs: (1) trial counsel's performance fell Abelow an objective
standard of reasonableness;@ and (2) the deficient
performance prejudiced the defense by a Areasonable probability
that, but for counsel=s unprofessional errors,
the result of the proceeding would have been different.@  Strickland, 466 U.S. at 694.  AA reasonable probability
is a probability sufficient to undermine confidence in the outcome.@  Id. 
Appellant must show ineffective assistance firmly rooted in the
record.  Jackson v. State, 877
S.W.2d 768, 771-72 (Tex. Crim. App. 1994); Paz v. State, 28 S.W.3d 674,
676 (Tex. App.BCorpus Christi 2000, no
pet.).  The appellant must prove both
prongs of the Strickland
test by a preponderance of the evidence. 
Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985).  In determining whether there was ineffective
assistance of counsel, the court must consider the trial as a whole as opposed
to isolated incidents of counsel's performance. 
Id.  When the record is
silent as to why appellant=s trial counsel failed
to challenge a particular venire member for cause, the appellate court must
assume that trial counsel was exercising reasonable professional judgement and
taking an acceptable risk.  See
Jackson, 877 S.W.2d at 771; Delrio, 840 S.W.2d at 447.

We begin our analysis
with a rebuttable presumption that counsel is better positioned than the
appellate court to judge the pragmatism of the particular case and that he made
all significant decisions in the exercise of reasonable professional
judgment.  Delrio, 840 S.W.2d at
447.  The presumption may be rebutted by
evidence in counsel's reasoning, or lack thereof.  Jackson, 877 S.W.2d at 771. 

In the present case,
appellant failed to challenge the effectiveness of trial counsel by a motion
for new trial or otherwise at trial. 
Therefore, no testimony from the trial attorney concerning his strategy
is available.  Whether or not to grant
probation was not the only disputed issue in the present case, and Strealy may
have otherwise appeared to be a favorable juror with regard to unwillingness to
convict or leniency with regard to the length of sentence.  The record does show that she would not look
unfavorably towards a defendant who did not take the stand in his own defense.








Performance of counsel
cannot generally be adequately examined based on a trial court record.  Kemp v. State, 892 S.W.2d 112, 115
(Tex. App.BHouston [1st Dist.]1994,
pet. ref'd).  A proper review should
focus on a record specifically targeting the conduct of trial counsel.  Id. 
Such a record is best developed during a hearing on application for writ
of habeas corpus or motion for new trial. 
Id.; see Jackson, 877 S.W.2d at 772 (Baird, J., concurring).  To find that trial counsel was ineffective
based on a record silent as to why trial counsel conducted the trial as he did
would call for speculation, which we are not permitted to do.  See Jackson, 877 S.W.2d at 771; Lozada-Mendoza
v. State, 951 S.W.2d 39, 44 (Tex. App.BCorpus Christi 1997, no
pet.).

Accordingly, in the
present matter, it would be improper speculation to hold that the only
effective course of action for trial counsel would have been to challenge
Strealy for cause and eliminate her from the jury.  See Jackson, 877 S.W.2d at 771.  Therefore, we hold appellant has failed to
demonstrate ineffective assistance of counsel and his first issue is overruled.

                                                          Prejudicial
Photograph

By his fourth issue,
appellant alleges that the trial court erred in failing to grant a mistrial
following the display of a prejudicial photograph to the jury.  The trial court excluded from evidence a
close-up photograph of the wound to the victim=s face, which was later shown to the jury by a
witness for the State.  The trial court
sustained appellant=s objection and
instructed the jury to disregard their view of the photograph, but denied
appellant=s request for a mistrial








A trial court=s denial of a mistrial
is reviewed under an abuse of discretion standard.  Wood v. State, 18 S.W.3d 642, 648
(Tex. Crim. App. 2000); Cano v. State, S.W.3d 99, 109 (Tex. App.BCorpus Christi 1999,
pet. ref=d).  Mistrial is a remedy appropriate for a narrow
class of highly prejudicial and incurable errors, and the determination of
whether a given error necessitates a mistrial must be made by examining the
particular facts of the case.  Wood,
18 S.W.3d at 648.  A mistrial is required
only when the error is clearly prejudicial to the defendant and is of such
character as to suggest the impossibility of withdrawing the impression
produced on the minds of the jurors by an instruction to disregard.  Id.; see also Cano, 3 S.W.3d at
109 (mistrial is an extreme remedy). 
There is an appellate presumption that an instruction to disregard the
evidence will be obeyed by the jury, except in extreme cases where it appears
that the evidence is clearly calculated to inflame the minds of the jury and is
of such a character as to suggest the impossibility of withdrawing the
impression produced on their minds.  Gardner
v. State, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987); Thompson v. State,
612 S.W.2d 925 (Tex. Crim. App. 1981).

With regard to the
impression produced by gruesome photographs of the victim, in the related
context of an initial determination by the trial court as to whether the
probative value of the photographic evidence is substantially outweighed by the
danger of unfair prejudice, the trial court must consider a host of
factors.  Ladd v. State, 3 S.W.3d
547, 568 (Tex. Crim. App. 1999).  These
factors include: the number of photographs; the size of the photograph; whether
it is in color or black and white; the detail shown in the photograph; whether
the photograph is gruesome; whether the body is naked or clothed; and, whether
the body has been altered since the crime in some way that might enhance the
gruesomeness of the photograph to the appellant=s detriment.  
Tex. R. Evid. 403; Reese
v. State, 33 S.W.3d 238, 240-41 (Tex. Crim. App. 2000); Ladd, 3
S.W.3d at 568.








In the present case,
appellant has failed to make the photograph a part of the appellate record by
bill of exception or otherwise.  See
Tex. R. App. P. 33.2.  Accordingly, the appellate court is unable to
examine the above factors or to evaluate the potential harm caused by the
photograph.  The trial judge, however,
considered the prejudice caused by a casual view of that exhibit by the jury
and determined that an instruction would be sufficient to cure the harm.  Gardner, 730 S.W.2d at 696.  Accordingly, we are unable to say that the
trial court abused its discretion in denying the mistrial.  Appellant=s fourth issue is overruled.

The judgment of the
trial court is AFFIRMED.  

      

                                                                                                                                                ROGELIO
VALDEZ

                                                                                                Chief
Justice

 

Do
Not Publish. 

Tex. R. App. P. 47.3

 

Opinion
delivered and filed

this
21st day of November, 2002.