Almendarez v. SOT







NUMBER 13-01-00044-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 



ELOY ALMENDAREZ, Appellant,



v.




THE STATE OF TEXAS, Appellee.

 

On appeal from the 319th District Court of Nueces County, Texas.

 

O P I N I O N

Before Hinojosa, Rodriguez, and Dorsey (1)

Opinion by Justice Hinojosa




 A jury found appellant, Eloy Almendarez, guilty of the offense of sexual assault of a child, (2) and the trial court assessed
his punishment at five years imprisonment. In two issues, appellant contends he received ineffective assistance of counsel
during trial because: (1) counsel failed to use peremptory strikes and challenges for cause to insure that appellant was tried
by a fair and impartial jury; and (2) counsel recommended that appellant elect to have the court assess punishment and ask
for community supervision. Because appellant has failed to establish by a preponderance of the evidence that he did not
receive effective assistance of counsel, we affirm.

A. Background and Procedural History


 When a police officer came upon the scene, both appellant and the male victim had their pants and underwear down and
hastily covered themselves as the officer shined his flashlight on them. The victim told the officer that he had permitted
appellant to perform oral sex on him and that he was sixteen years of age.

 During voir dire, prospective juror number five, J.J.M., indicated that being a juror in the case would be difficult for him
because of the allegations of homosexual conduct, but that he could be fair and impartial. Appellant's trial counsel
challenged several jurors for cause; however, he did not challenge J.J.M. for cause and did not strike him. J.J.M. became
the jury foreman.

 Upon the advice of counsel, appellant elected to have the trial court assess his punishment. Appellant also filed an
application for community supervision, in the event of a guilty verdict. During the punishment phase of the trial, counsel
asked the court to assess the minimum punishment of two years imprisonment, acknowledging that under article 42.12,
section 3g of the Texas Code of Criminal Procedure, the court could not consider community supervision. (3)

B. Ineffective Assistance of Counsel


 Our review of counsel's performance must be highly deferential. Strickland v. Washington, 466 U.S. 668, 689 (1984). 
The burden of proving ineffective assistance of counsel is on the appellant and is one which requires proof by a
preponderance of the evidence. Stafford v. State, 813 S.W.2d 503, 506 n.1 (Tex. Crim. App. 1991); Moore v. State, 694
S.W.2d 528, 531 (Tex. Crim. App. 1985); Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). An allegation of
ineffective assistance of counsel will be sustained only if it is firmly founded and if the record affirmatively demonstrates
counsel's alleged ineffectiveness. Ex parte McWilliams, 634 S.W.2d 815, 819 (Tex. Crim. App. 1980); Stone v. State, 17
S.W.3d 348, 350 (Tex. App.-Corpus Christi 2000, pet. ref'd). 

 Effective assistance of counsel is gauged by the totality of the representation from the pretrial representation of the accused
through the punishment stage of the trial. Ex parte Walker, 777 S.W.2d 427, 431 (Tex. Crim. App. 1989). Thus, the trial
as a whole must be reviewed and not isolated incidents of counsel's performance. Cannon, 668 S.W.2d at 403. The
standard of review for ineffective assistance of counsel is the same for all phases of the trial. Hernandez v. State, 988
S.W.2d 770, 772 (Tex. Crim. App. 1999).

 A defendant seeking relief must demonstrate: (1) that counsel's performance failed to constitute reasonably effective
assistance by falling below an objective standard of reasonableness under the prevailing professional norms; and (2) that
there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been
different. Strickland, 466 U.S. at 694; Washington v. State, 771 S.W.2d 537, 545 (Tex. Crim. App. 1989). A "reasonable
probability" is defined as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694;
Ex parte Walker, 777 S.W.2d at 430. The "reasonably effective assistance" standard does not mean errorless counsel nor
does it mean counsel is judged ineffective by hindsight. Ex parte Felton, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991).

 We begin our analysis with a rebuttable presumption that counsel is better positioned than the appellate court to judge the
pragmatism of the particular case and that he made all significant decisions in the exercise of reasonable professional
judgment. Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). The presumption may be rebutted by evidence of
counsel's reasoning, or lack thereof. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). In the absence of
evidence of counsel's reasons for the challenged conduct, the appellate court will assume a strategic motivation and will not
conclude that the conduct was deficient unless the conduct was so outrageous that no competent attorney would have
engaged in it. See Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999). Performance of counsel cannot generally be adequately examined based on a trial court record. 
Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd). A proper review should focus on a 
record specifically targeting the conduct of trial counsel. Id. Such a record is best developed during a hearing on
application for writ of habeas corpus or motion for new trial. Id.; see Jackson, 877 S.W.2d at 772 (Baird, J., concurring). 
To find that trial counsel was ineffective based on a record silent as to why trial counsel conducted the trial as he did would
call for speculation, which we are not permitted to do. See Jackson, 877 S.W.2d at 771; Lozada-Mendoza v. State, 951
S.W.2d 39, 44 (Tex. App.-Corpus Christi 1997, no pet.). Only in rare and egregious circumstances would a record on
direct appeal suffice to rebut the presumption of sound trial strategy. Kemp, 892 S.W.2d at 115. Finally, an appellant's
failure to satisfy one prong of the Strickland test negates a court's need to consider the other prong. Strickland, 466 U.S. at
697; Garcia, 57 S.W.3d at 440. 

1. Jury Selection


 In his first issue, appellant contends he received ineffective assistance of counsel because his counsel failed to use
peremptory strikes and challenges for cause to insure that he was tried by a fair and impartial jury.

 During general voir dire, J.J.M. raised his hand in response to the following question, 

Is there anybody here [for whom the allegation of homosexual conduct] is gonna make it difficult for you to sit impartially,
favorably, unfavorably, for either side, it doesn't matter[?]



Following that question, appellant's counsel asked the jury panel,



Of those who answered that question, do you feel that you could be fair and impartial under these circumstances? I guess,
I'd like to do it fair or not fair. Raise your cards if you think you could be fair and impartial.



[J.J.M. raised his hand.] 



Those of you who raised your hand, . . . , I direct this follow-up question to those persons only. Of those persons . . .
considering that fact, would you still be able to be fair and impartial. 



[J.J.M. responded affirmatively.]



During individual voir dire, the prosecutor asked and J.J.M. responded,



Q: Can you be fair to both the defense and the State if it is alleged that it is homosexual conduct?



A: Well, I can be fair to both sides. I could be an enemy to both sides, too. I'll state point blankly that I am quite
homophobic, so I'm not a nice kind of guy, so - so I can be your worst enemy or your worst friend, but I can be fair. 



On four more occasions, in response to questions from both the prosecutor and appellant's counsel, J.J.M. said he could be
fair. 

 Nothing is left to the discretion of the trial court when a venire person is unequivocal as to his ability to follow the law. 
Brown v. State, 913 S.W.2d 577, 580 (Tex. Crim. App. 1996). If he testifies unequivocally that he can follow the law
despite personal prejudices, the trial court abuses its discretion in allowing a challenge for cause on that basis. Id. Since
J.J.M. repeatedly said that he could be fair and impartial, he was not challengeable for cause. Id. Therefore, we conclude
counsel was not ineffective for deciding not to challenge J.J.M. for cause.

 Further, the record is silent as to the reasons for counsel's decision not to challenge or strike J.J.M. To find that trial
counsel was ineffective based on a record silent as to why trial counsel conducted the trial as he did, such as the one before
us, would call for speculation, which we are not permitted to do. See Jackson, 877 S.W.2d at 771;Lozada-Mendoza, 951
S.W.2d at 44. We conclude appellant failed to meet his burden of rebutting the presumption that trial counsel's decision
was reasonable. Accordingly, we overrule appellant's first issue.

2. Punishment


 In his second issue, appellant complains that he received ineffective assistance of counsel because counsel recommended
that he elect to have the court assess punishment and that he seek community supervision from the court. The record
contains no evidence showing the reason for trial counsel's recommendation that appellant elect to have the court assess
punishment.

 Since a trial judge is prohibited by statute from granting community supervision in a sexual assault case, appellant
contends that by seeking court-assessed punishment, his counsel precluded him from receiving community supervision. 
See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g (Vernon Supp. 2003). Appellant asserts counsel had an "apparently . . .
mistaken belief that the appellant was not eligible for probation from the jury because of his prior felony probation." In
support, appellant cites the case of Ex parte Welch, 981 S.W.2d 183 (Tex. Crim. App. 1998). In Welch, the record included
an affidavit from trial counsel admitting that he did not file an application for probation because he believed his client was
not eligible to receive probation from the jury. Id. at 183-84.

 In the instant case, however, the record contains no evidence that trial counsel had a mistaken belief regarding appellant's
eligibility for community supervision from the jury. To find that trial counsel was ineffective based on a record silent as to
why trial counsel recommended that appellant seek community supervision would call for speculation, which we are not
permitted to do. See Jackson, 877 S.W.2d at 771; Lozada-Mendoza, 951 S.W.2d at 44. Therefore, we conclude appellant
failed to meet his burden of rebutting the presumption that counsel's assistance was reasonable.

 Assuming, arguendo, that trial counsel was deficient, we find nothing in the record showing that the jury would have
granted community supervision. (4) Cf. Ex parte Canedo, 818 S.W.2d 814, 815 n.3 (Tex. Crim. App. 1991) (stating harm
was apparent based on affidavit from jury foreman which stated that jury would have given defendant probation, and that
when defense counsel was told of this, counsel indicated he thought he made mistake in going to judge). Accordingly, we
conclude appellant has failed to show there is a reasonable probability that the result of the proceeding would have been
different if punishment had been assessed by the jury. Appellant's second issue is overruled.

 After reviewing the entire record, we hold that appellant has failed to establish by a preponderance of the evidence that he
did not receive effective assistance of counsel. 

 The judgment of the trial court is affirmed. 




FEDERICO G. HINOJOSA

Justice



Do not publish. Tex. R. App. P. 47.2(b).



Opinion delivered and filed this the

20th day of March, 2003.

1. Retired Justice J. Bonner Dorsey, who concluded his term of office on December 31, 2002, continues to sit on this Court
by assignment of the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon
1998).

2. See Tex. Pen. Code Ann. § 22.011 (Vernon Supp. 2003).

3. A judge may not suspend the imposition of a sentence and place a defendant on community supervision if the defendant
is adjudged guilty of an offense of sexual assault. Tex. Code Crim. Proc. Ann. art. 42.12, § 3g (Vernon Supp. 2003).

4. As appellant points out in his brief, the jury quickly returned a verdict against him.